**Clyde BRADLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18971.**

United States Court of Appeals Ninth Circuit.

Nov. 25, 1964.

D. Cameron Baker, Jr., Harvey Zall, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Criminal Section, John A. Mitchell and Bert Pines, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before JERTBERG, KOELSCH and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to a jury, the appellant was convicted of violating Title 18 U.S.C. § 2312.[1]

Appellant's sole specification of error is that the District Court erred in giving the following instruction to the jury:

"The defendant has on occasion other than at this trial made certain

---

1. "§ 2312. Transportation of stolen vehicles

"Whoever transports in interstate or foreign commerce a motor vehicle or air- craft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

admissions of fact which tend to prove the offense with which he has here been charged."

Appellant made timely objection to the giving of such instruction.

The evidence in this case viewed in the light most favorable to the government may be summarized as follows:

On January 6, 1962, appellant called Hertz Rent-A-Car Sales, in St. Louis, Missouri, and inquired about renting an automobile. Later that day he appeared at the Hertz office with one David Williams. After conversation with the clerk on duty, the appellant rented a 1962 Ford for one day. No provision was made by the appellant for taking the automobile out of the state, and the automobile was to be returned to the same office in St. Louis.

On January 20, 1962, appellant was stopped by officers of the Los Angeles Police Department in Los Angeles, California, for a traffic violation while driving the Ford car which he had rented. Appellant told the officers that he had arrived on January 10, 1962, and stated that he had stolen the automobile in Missouri and that the automobile was hot. Appellant was arrested by such officers and stated that he knew the Ford automobile was hot and that the police were looking for it. Later, when interviewed by a Special Agent of the Federal Bureau of Investigation, appellant stated that he had rented the automobile for one day; that he had no permission to bring the automobile from the State of Missouri, and that he drove the automobile to Los Angeles, arriving on approximately January 9, 1962.

Appellant, testifying in his own behalf, stated that he had informed the clerk at the Hertz Company at St. Louis that he desired to take the car out of the State of Missouri.

David Williams, who had accompanied appellant to the Hertz office in St. Louis, testified that he had not overheard the conversation between the appellant and the clerk and that he rode with appellant in the automobile to East St. Louis, Illinois, where appellant visited his mother, and back to St. Louis, Missouri, and that appellant never told him that he was going to drive the car to California.

Appellant's wife testified that she was in Los Angeles and that appellant arrived there about January 10, 1962 in the automobile and that appellant told her he needed to raise $200.00 to pay the rental on the automobile.

The instruction objected to is a portion of the following instruction which the District Court gave, the objected part being italicized:

*"The defendant has on an occasion other than at this trial made certain admissions of fact which tend to prove the offense with which he has here been charged.* If you believe from the evidence in this case that such an admission would not have been made by the defendant but for some threat of harm or for some offer or promise of immunity from prosecution or leniency in punishment, or other reward, such an admission should not be considered as having been voluntarily made, which is the danger that a person accused might be persuaded by the pressure of hope or fear to admit as facts things which are not true just in an effort to avoid threatened harm or to secure promised reward.

"All evidence relating to any oral admission or oral confession or other incriminating statement claimed to have been made by the defendant outside of court should be considered with caution and weighed with great care."

We have examined the entire charge which the District Judge gave to the jury and find that it was extremely fair and comprehensive. Appellant recognizes such fact when he states in his brief that "In the instant case the record reflects a scrupulous fairness on the part of the court save in this one crucial instruction." We note that the District Court informed the jury that they were not to single out one instruc-

tion alone but should consider the instructions as a whole; that the evidence in the case consisted of testimony, exhibits, stipulations, and presumptions; that a claimed admission was to be considered with caution and weighed with due care; that the jurors were the sole judges of the credibility of the witnesses and the weight and effect of all evidence; and that nothing the trial court said during the course of the trial was to convey or intimate the court's opinion as to what the verdict of the jury should be.

It is appellant's contention that the District Judge committed prejudicial error in giving the italicized part of the above instruction, in that the District Judge usurped the function of the jury as the trier of facts by instructing the jury, as an established fact, that the appellant had made the incriminatory statements which tend to prove his guilt, leaving to the jury only the determination of the truth of such statements.

We believe that the giving of the objected to instruction was erroneous but from our examination of the entire record in this case, including all of the instructions given, we are completely satisfied that the error was not prejudicial.

The cases relied upon by appellant, Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); Benes v. United States, 276 F.2d 99 (6th Cir. 1960); Roe v. United States, 287 F.2d 435 (5th Cir. 1961), C.D. 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29, are easily distinguishable on their facts. In Quercia v. United States, the conviction was reversed because the trial court discredited the testimony of the defendant by stating to the jury that the defendant was lying because he wiped his hands while testifying. In Roe, the trial court in a case involving illegal sales of securities erroneously instructed the jury that certain leases as a matter of law were securities. In Benes, the district court " * * * in the 'course of its charge to the jury, made a number of misstatements of fact concerning important aspects of the evidence and in a very vital respect misstated and dis-

torted the theory of the appellant in defense of the charge." Benes v. United States, supra, 276 F.2d page 103.

We are satisfied that the appellant suffered no harm from the giving of the questioned instruction.

The judgment of conviction is affirmed.