Lawrence C. GODFREY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19260.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 9, 1965.

Decided Nov. 5, 1965.

As Amended Jan. 5, 1966.

Petition for Rehearing Denied Jan. 11, 1966.

Wilbur K. Miller, Senior Circuit Judge, dissented.

Messrs. David C. Niblack and Arthur J. Whalen, Jr., Washington, D. C. (both appointed by this court), for appellant.

Mr. Robert E. Jordan, III, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty. at the time the brief was filed, and Messrs. Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM:

This is an appeal from conviction on nine counts of an indictment covering three separate sales of narcotics. The indictment charged that each of the alleged sales, on April 11, May 2 and May 27, 1964, violated 26 U.S.C. §§ 4704(a), 4705 (a), and 21 U.S.C. § 174. Concurrent sentences were imposed as to the three transactions.

(1) Appellant first contends that having been arrested and charged at a preliminary hearing on September 14 for the May 27th offense and thereafter indicted for all the offenses, including sales of April 11 and May 2, he was entitled as a matter of right to a new and additional preliminary hearing following the indictment for the two earlier sales in order to discover the foundations of the Government's case relating to earlier sales. Upon the authority of our recent decision in Crump v. Anderson, June 15, 1965, 122 U.S.App.D.C. ——, 352 F.2d 649, this contention furnishes no ground for reversal.

(2) Error is urged in the District Court's denial of Appellant's motion to dismiss the indictment because of delay in the institution of prosecution after the alleged sales were known to the Government. As to this we note that the last of the three offenses was committed on May 27 and Appellant was arrested and presented to the Commissioner on September 14, 1964. This is a delay of 3½ months and we hold that this is not an unreasonable or undue delay in the circumstances. The record shows that the undercover officer who claimed to have made the May 27 purchases, and whose testimony constituted the bulk of the prosecution's evidence, was the same officer who made the alleged purchases of narcotics from Appellant on April 11 and May 2. We are unable to see that the delay as to charges for the earlier transactions, when considered in relation to the May 27 transaction, violated any constitutional right of Appellant's. During the course of the trial, Appellant requested and was granted a continuance of one day in order to pursue independent inquiry with reference to three other persons asserted by the Government to have been present at the time of the earlier transactions. Appellant then called two of these persons as his own witnesses.

(3) The third claim of error arises out of an instruction of the court

dealing with the credibility of paid informants and drug addicts. The court instructed the jury that

> It is recognized that a drug addict is inherently a perjurer when his own interests are concerned and his testimony should be received with suspicion and acted upon with caution.

Appellant's counsel made no objection to this instruction, although at the termination of the court's charge he took issue with respect to another point in the charge. We are thus confronted on the one hand with an instruction which is obviously erroneous,[1] cf. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933), and on the other hand with the possibly conscious decision by counsel not to object. No claim of ineffective assistance of counsel at trial is made; on the contrary Appellant makes a point of the experience and competence of trial counsel; this, of course, is somewhat at odds with a claim of "plain error" under FED. R. CRIM. P. 52(b). One conclusion among several, and one which we would be reluctant to draw, is that failure to object was a calculated tactic to allow this error to remain unchallenged so as to provide a basis for a claim of error on appeal in the event of an adverse verdict. At that stage of the trial the evidence was such that an experienced counsel would have had ample basis to suspect the likelihood of a guilty verdict. On the other hand, defense counsel may have concluded that a corrective instruction would only serve to emphasize the point.

Read in context the language of the challenged instruction "when his own interests are concerned" would tend plainly to direct the observation more pointedly at the accused than at the narcotics addict called by the prosecution, since the latter's "interests" were not "concerned" in the sense or degree that the Appellant's interests were involved. Moreover, by prefacing his instruction with the words "It is recognized" the Court was making a "definite and concrete assertion of fact, which he made with all the persuasiveness of judicial utterance." Quercia v. United States, 289 U.S. 466, 472, 53 S.Ct. 698, 700, 77 L.Ed. 1321 (1933). It goes well beyond the bounds of permissible comment on the evidence. Even if the jurors assumed, as well they might, that this was virtually a direction to disregard the testimony of all addicts—the one narcotics addict called by the Government and the three called by the defense—the jurors still had the categorical testimony of the undercover officer as the only non-addict and thus presumably "reliable."

Certainly calculated failure to object in these circumstances in order to preserve error on appeal would subject a trial counsel to the severest censure of the court, but on this record we cannot conclude that such was the case, nor can we conclude that the instruction was harmless.

The case is remanded for a new trial.

Reversed and remanded.

1. In Fletcher v. United States, 81 U.S.App. D.C. 306, 158 F.2d 321 (1946), Judge Groner said, in relation to a cautionary instruction about the credibility of paid informants testimony:

> And when to this is added the well recognized fact that a drug addict is inherently a perjurer where his own interests are concerned, it is manifest \* \* \* that it should be received with suspicion and acted upon with caution.

The correctness of this holding is not in issue. What we hold now is simply that it was error for the Trial Judge to couch his "cautionary instruction" to the jury about addicts in the same terms as the appellate rationale for the *need* for an instruction about the testimony of *paid* informants who are addicts. *Fletcher* is thus a narrow holding and its primary thrust is a cautionary instruction on the reliability of paid informants generally, not addicts; the thrust of *Fletcher* is that where the paid informant is also an addict there is "added" reason for a cautionary instruction.

WILBUR K. MILLER, Senior Circuit Judge (dissenting):

In paragraph (3) of the foregoing opinion, the majority reverse the conviction because of one sentence in the trial judge's charge which they quote:

"It is recognized that a drug addict is inherently a perjurer when his own interests are concerned and his testimony should be received with suspicion and acted upon with caution."

The majority characterize this sentence as "obviously erroneous," and say that it was "aimed so pointedly at the Appellant" that his conviction cannot be allowed to stand. I cannot agree.

It is my view that the sentence in the charge about the credibility of a drug addict, upon which the majority base reversal, related only to the four sentences which preceded it, in which the District Judge[1] was discussing the witness Tomlinson, a drug addict who testified for the Government. The entire reference to Tomlinson is as follows:

"One of the witnesses called by the Government in rebuttal was a man named Tomlinson who was a narcotics addict and an informer.

"The Government is not relying on his testimony alone but primarily bases its reliance on the testimony of Officer Brooks.

"But Tomlinson was called as a rebuttal witness by the Government after the defendant's witnesses Parks and Gary had testified that they had never seen him on the occasions in question.

"You should scrutinize the testimony of a paid informer closely for the purpose of determining whether it is colored in any way so as to place guilt upon a defendant in furtherance of his own interest.

"It is recognized that a drug addict is inherently a perjurer when his own interests are concerned and his testimony should be received with suspicion and acted upon with caution."

It is at once apparent that the sentence about a drug addict's credibility logically followed and was a part of the Tomlinson discussion which preceded it. The jury was being warned to consider whether Tomlinson, an addict, had colored his testimony so as to place guilt upon the defendant, *in furtherance of his own interest* in being a successful and useful informant. In isolating one sentence in the charge from its context, the majority violate the elementary rule that a judge's charge to a jury must be considered as a whole. This case well illustrates the reason for the rule.

It should be noted too that the instruction about Tomlinson was given pursuant to an express request therefor by appellant's counsel, who was warned by Judge Pine that, as the defendant was admittedly an addict, the instruction might cut both ways. Counsel said he would take that chance. It is noteworthy that the charge made no reference to the fact that the defendant was an addict; such a reference probably would have been made if the sentence of the charge on which the majority base reversal had been "aimed pointedly" at the appellant.

Astute counsel for the appellant undoubtedly would have objected to this portion of the charge had he understood it as the majority now construe it. He did not object. I think the plain error rule cannot properly be invoked here. Moreover, as suggested in the brief for the United States, any error in the trial judge's statement about the untruthfulness of addicts was prejudicial to the Government—not to the appellant.

In discussing this question, the Government says in its brief, "Appellee does not contend that the statement concerning the credibility of an addict is medically or legally correct." The majority opinion accepts this and without elaboration states the drug addict's credibility

---

1. District Judge David A. Pine.

instruction was "obviously erroneous."[2] I think the Government should have made the contention that the statement is correct. During the last fifty years I have had many opportunities to observe the way drug addicts testify in criminal cases about matters which concern their own interests. On the basis of that experience, I believe Judge Pine was correct in saying they are inherently perjurers and I see no reason why a jury should not be told this fact of life.

For the reasons given, I dissent from the reversal of this conviction. In all other respects, I agree with the majority opinion.

---

2. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698 (1933), cited by the majority in support of their "obviously erroneous" statement, is factually distinguishable. There, the trial judge, told the jury he believed the defendant was lying because he "wiped his hands during his testimony." This was, indeed, "obviously er-

roneous." But here, Judge Pine's remark that a drug addict is inherently a perjurer when his own interests are concerned, and that his testimony should be received with suspicion and acted upon with caution, was directed to the Government witness, Tomlinson. The difference is apparent.