UNITED STATES of America, Plaintiff-Appellee,

v.

Ben H. LOGAN, Defendant-Appellant.

No. 19213.

United States Court of Appeals Sixth Circuit.

Aug. 21, 1969.

Irvin H. Harlamert, Jr., Dayton, Ohio, for appellant, Young & Alexander, Stewart, Cromer & Faber, by Clarence J. Stewart, Dayton, Ohio, on brief.

Roger J. Makley, U. S. Atty., Dayton, Ohio, for appellee, Thomas R. Smith, Asst. U. S. Atty., Cincinnatti, Ohio, on brief.

Before WEICK, Chief Judge, O'SULLIVAN and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury in the United States District Court for the Southern District of Ohio on a two-count indictment charging that he wilfully and knowingly attempted to evade his federal income tax obligations for the years 1961 and 1962. 26 U.S.C. § 7201. Resorting to the net worth method of proof, the Government established that Appellant had net worth increases over the indictment years that far exceeded the taxable income he reported in his returns. Aside from challenging the accuracy of the Government's net worth calculations, Appellant alleges that certain rebuttal evidence introduced by the Government, which he contends was improperly admitted, prejudiced the jury against him and

prevented a fair trial. We agree and remand the case for a new trial.

The disputed evidence showed that Appellant had neither filed federal income tax returns nor made estimated payments for the years 1946 through 1955, a period that ended approximately six years before the earliest year named in the indictment. This evidence was introduced through the testimony of Government Witness Tabb, a Supervisor in the Internal Revenue Service's Regional Service Center in Cincinnati, Ohio. The Government also tendered as exhibits certified Service Center records showing that no record of Appellant's returns for the above years was to be found. Over the strenuous objection of defense counsel the trial court admitted Tabb's testimony but reserved ruling on the exhibits. It should be noted that the Court admitted this testimony without limiting the use to which the jury could put it in considering the guilt or innocence of Appellant.

On cross-examination of Tabb, defense counsel tendered as exhibits penciled copies of what were alleged to be Appellant's federal income tax returns for the years 1948, 1950, 1954, and 1955. On redirect examination, the Government asked the witness to "go back and check a second time with respect to the years 1948, 1950, 1954 and 1955" and "get the information to me as soon as possible." On further direct examination, the witness conceded that "human beings do make a few errors * * * [b]ut I'd say that it would be humanly impossible to overlook more than one [tax return] against any one taxpayer for a series of years." In response to this query from Government counsel, Tabb concluded his testimony as follows:

"Q. In other words, with respect to Mr. Logan in the years from 1946 through 1955 they would have to lose a separate record every year for ten consecutive years?

"A. That is right."

This concluded the Government's rebuttal testimony and court adjourned. When court reconvened four days later to charge the jury, Government counsel requested that the Court instruct the jury to disregard Tabb's testimony because "in our opinion" his evidence has no bearing on the issues in the case. The Court instructed the jury as requested because "nothing with respect to 1946 to 1955 has anything to do with the case involved in 1960 and 1961", and struck all Government and defense exhibits relating to Appellant's failure to file returns for the years 1946 through 1955. Tabb's testimony, however, was not stricken from the record.

The Court's charge to the jury contained the following instructions:

"The evidence introduced by the Government of the Defendant's income tax returns is a financial history in years prior to those named in the Indictment and may be considered by you only for such light as it may shed on the innocence or guilt of the Defendant during the years named in the Indictment. The question of the innocence or guilt in prior years is not for the jury to consider."

 Admittedly, this instruction was but a part of a lengthy charge explaining the complexities of the net worth method in general. In a net worth prosecution, the Government is permitted to reconstruct a taxpayer's net worth for years immediately preceding the indictment years. This allows the prosecution to establish with greater accuracy the net worth during the years named in the indictment. Consequently, as part of its case the Government brought in evidence to show Appellant's net worth for the years 1959 to 1962 and the Court's instruction was apparently intended to deal with Appellant's "financial history" during that time. The fact remains, however, that this instruction very likely had the effect of reminding the jury of the Government's charge that Appellant had not filed tax returns from 1946 through 1955, and that such failure to file related significantly to Appellant's guilt or innocence of the crimes for which he was now on trial.

The Government was correct in conceding that Appellant's alleged failure to file federal income tax returns in a period far removed from the indictment years had nothing to do with the issues in the case. The likely effect of such evidence was to prejudice the jury against Appellant rather than to prove that he committed the crimes named in the indictment. We do not believe, moreover, that the Court's instruction to the jury to disregard this evidence was sufficient to take it out of the case. Evidence of prior wrongdoing is "of a sort most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the [case]." Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933).

The record indicates that the evidence was extremely close on the question of Appellant's intent to commit the crimes charged. Under such circumstances it could very well be that the jury convicted him on the basis of past misconduct and not on the evidence properly developed before it.

Reversed and remanded.