**Roy V. NELSON, Appellant,**

v.

**GREEN FORD, INC., Appellee.**

No. 85–1516.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1986.

Decided April 8, 1986.

Herman L. Stephens (Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, Winston-Salem, N.C., on brief), for appellant.

W. Scott Brannan (L. James Blackwood, II, Coggin, Hoyle, Blackwood & Brannan, Greensboro, N.C., on brief), for appellee.

Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WILKINSON, Circuit Judge:

Fired from his job with Green Ford, Inc., of Greensboro, North Carolina, fifty-eight year-old Roy V. Nelson sued his former employer under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The company responded that unsatisfactory performance and an uncooperative attitude, rather than any age discrimination, accounted for the dismissal. A jury of the Middle District of North Carolina found for Green Ford, and Nelson appealed, arguing that the verdict was based on improper instructions in violation of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

We affirm. The instructions in this age discrimination case properly focused the attention of the jury on the ultimate motivational determination. It is not the purpose of those instructions to immerse the jury in the *McDonnell Douglas* scheme of proof with all its shifting burdens and its subtle variations. In ADEA actions, *McDonnell Douglas* and its progeny serve chiefly to assist the trial judge in supervision of the case and in allocation of responsibility between judge and jury. *Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230 (4th Cir. 1982).

I.

Nelson's complaint alleged that Green Ford had discriminated against him in three separate ways: in the denial of training opportunities, in the revision of the corporate bonus policy, and in the termination of his employment. At the trial, Nelson restricted his claim to the third of these issues, although he asked the court to tell the jury that it could consider the training and bonus evidence as indications that age was a determining factor in the discharge decision. The court accepted that suggestion and instructed the jury that "part of this [indirect] method of proof is that the plaintiff must show that the other employees were treated more favorably than he was. In other words, you must be satisfied by the greater weight of the evidence that the younger employees were given additional training, provided higher monthly bonuses or generally were given more favorable treatment than the plaintiff received."

Nelson asked the court to supplement this passage with a reference to the inference that the jury could draw from the testimony of Nelson's supervisor, who had said that he had hired in Nelson's place a man who was "somewhere in his twenties." The court refused that requested instruction, and Nelson objected to the charge pursuant to Fed.R.Civ.P. 51, arguing that "the court should include a reference to the plaintiff being replaced by a younger employee, because I think that is the classic application of the *McDonnell Douglas* scheme of proof."

This objection on the authority of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) derives from the rule that a plaintiff who hopes to prove indirectly that he was fired because of age discrimination may raise a preliminary inference of the existence of that discrimination, or establish a *prima facie* case, by showing that "(1) he was a member of the protected group, (2) he was discharged, (3) he was replaced with a person outside the protected group, and (4) he was qualified to do the job." *Price v. Maryland Casualty Co.*, 561 F.2d 609, 612 (5th Cir.1977). *Cf. Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 239 & n. 5 (4th Cir.1982). Nelson did introduce evidence to support each of these propositions, and he accordingly sought to place the force of the *prima facie* inference of discrimination before the jury as the first stage of his indirect proof of discrimination. As he explained the request in his brief on appeal, "unless the jury were properly instructed as to how the plaintiff could meet this burden of establishing a *prima facie* case, plaintiff is erroneously deprived of the right to prove his claim in this 'indirect' method."

## II

■ Plaintiff's claim raises the recurring question of how a proof scheme designed primarily for bench trials under Title VII, 42 U.S.C. § 2000e–5, can be transposed to jury trials under the Age Discrimination in Employment Act. Plaintiff's reasoning, however, reflects a misapprehension of the relevance of the *prima facie* case to jury instructions discussing the indirect proof of a claim under the age discrimination statute. The *McDonnell Douglas* proof scheme—a deductive inference of discrimination, an articulated employer justification for the contested action, and an attempt to discredit that purported justification—is "intended to give judges a method of organizing evidence and assigning the burdens of production and persuasion in a discrimination case." *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1016 (1st Cir.1979). As an aspect of trial supervision, allocation of the

parties' responsibilities is beyond the function and the expertise of the jury: "the burden-shifting can and should be monitored by the judge ... the term *'prima facie* case' need never be mentioned to the jurors." *Id.; see also Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 85 (2d Cir.1983) ("proposed instructions, couched in such lawyerly cant as *'prima facie* case' and 'shifting burden of proof,' would only have confused the jury"); *Smith v. University of North Carolina*, 632 F.2d 316, 334 (4th Cir.1980) (quoting *Loeb v. Textron, Inc.* with approval).

Nelson's suggested instruction on the significance of his replacement's age demonstrates perfectly the mistake of conflating the roles of the judge and the jury. In his amended proposed instructions, Nelson asked the court to charge that

> As to the issue of whether or not the defendant discriminated against the plaintiff because of his age in terminating him from its employment, you are instructed that if you are satisfied by the greater weight of the evidence, that the defendant replaced plaintiff in his job duties with a younger employee, the burden of going forward with the evidence shifts to the defendant, although the burden of proof remains with the plaintiff. The defendant's burden of going forward is to articulate a legitimate, non-discriminatory reason for plaintiff's discharge. If it does so, then the burden of going forward shifts to the plaintiff, who must establish by the greater weight of the evidence that defendant's stated reason is pretextual, is insubstantial, is false, or is otherwise discriminatory.

To adopt this shorthand in the instructions would, in the words of *Loeb v. Textron, Inc.*, 600 F.2d at 1016, "add little to the juror's understanding of the case and, even worse, may lead jurors to abandon their own judgment and to seize upon poorly understood legalisms to decide the ultimate question of discrimination." The district court chose the better course in personally controlling the peripatetic burden of production and in devising instructions sensi-

tive to the lay background of the listeners. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 2556.

■ The lack of need for the jurors to hear anything about *McDonnell Douglas v. Green* is underscored by the connection between the purely legal mechanism of the *prima facie* case and the associated factual inference of liability. If the defendant advances a legitimate explanation for its treatment of the plaintiff, as Green Ford did in this trial by introducing evidence of Nelson's unsatisfactory performance, "the presumption or inference arising from proof of a *prima facie* case dissolves in the ADEA case." *Fink v. Western Electric Co.*, 708 F.2d 909, 915 (4th Cir.1983); *accord, Cazzola v. Codman & Shurtleff, Inc.*, 751 F.2d 53, 55 n. 1 (1st Cir.1984). When the jury addressed the existence of the alleged discrimination, therefore, no legal vitality remained in the preliminary factual inference and no independent significance attached to the success or failure of Nelson's attempted *prima facie* showing. *Cf. United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983) ("Where the defendant has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant."). Nelson is accordingly incorrect in asserting that the jury must understand the *prima facie* structure in order to weigh the plaintiff's indirect proof of discrimination.

### III.

Though the age of plaintiff's replacement was not required as a matter of law in the instructions to the jury, the question remains whether mention of this matter was mandated on the strength of the evidence. We hold that the district judge acted within his discretion in declining to draw the attention of the jury to the age of Nelson's replacement.

■ The melting of the original presumption into plaintiff's ultimate burden of persuasion on discriminatory motivation "does not destroy the inherent probative force of evidence earlier introduced by the plaintiff to invoke [the *prima facie* case]." *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 240 (4th Cir.1982). Indeed, this court has specifically noted that the information that Nelson wanted to underline for the jury, the "absolute and relative ages of the claimant and his replacement," may be relevant to the fact-finder in its assessment of the claimant's allegations of discrimination. *Id.* at 242 n. 13. Nelson's request for an instruction was on this theory a reasonable petition to submit to the trial court. As this court has observed, "a United States district judge is not a bump on a log.... 'It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important.'" *Evans v. Wright*, 505 F.2d 287, 289–90 (4th Cir.1974) (emphasis deleted), *quoting Quercia v. United States*, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933).

■ That Nelson's petition was reasonable, however, does not establish that the district court was obliged to grant it, for the court must enjoy latitude in selecting the evidence to be mentioned to the jury. "The trial judge in a federal court may summarize and comment upon the evidence and inferences to be drawn therefrom, in his discretion. This does not mean that he must include every scrap of evidence as if the jury were dependent upon the court's summation alone as the basis for its deliberations." *United States v. Tourine*, 428 F.2d 865, 869 (2d Cir.1970), *cert. denied sub nom. Burtman v. United States*, 400 U.S. 1020, 91 S.Ct. 581, 27 L.Ed.2d 631 (1971).

The trial judge, moreover, was present throughout the proceedings and in a better position than are we to assess the relative emphasis and significance of the proof. The judge's assessment that the factor of replacement was not "crucial either way" is precisely the kind of judgment call that merits deference. We can see no abuse of

discretion in the district court's refusal to highlight for the jury the age of Nelson's replacement. The court did explain that evidence of discrimination in training opportunities and bonus schedules could provide relevant background evidence for an understanding of the discharge decision, *see United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977), but only after stressing that "You must always keep in mind throughout that you, as jurors, are the sole judges and triers of the fact. It is your duty to remember and consider all the contentions and all of the evidence whether I refer to them or not. It is not my intention to give more emphasis to the contentions or testimony of one party as against the other and my reference to such is simply to try to help you apply the law to the facts."

The court also twice instructed the jury to consider whether "younger employees were treated more favorably" than plaintiff was. This charge necessarily embraced any and every incidence of differential treatment, including the replacement of older with younger workers. We decline to find reversible error in this general rather than specific reference when the general formulation so clearly draws the attention of the jury toward that which plaintiff's specific proof was necessarily directed.

Nelson's argument resembles that of the appellant in *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3rd Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983), in which an unsuccessful ADEA plaintiff claimed error in the trial court's failure to refer in its instructions to the defendant's policy of exempting a group of younger employees from layoffs. The court of appeals found no abuse of discretion, holding that

> the district court acted sensibly in declining to single out for the jury any particular item of evidence, preferring that the jury assess on its own the evidence bearing on the company's intent.

*Id.* at 124. We reach the same conclusion in the context of this evidence, this request, and these instructions.

## IV.

■ It is not the appellate function to pick myopic fault with trial instructions. The question is whether the charge focused the eye of the jury clearly and fairly on the finding it was to make. Here there can be no doubt that it did.

"In cases of this type, the best charge may simply be one that emphasizes that plaintiff must prove, by a preponderance of the evidence, that he was discharged because of his age...." *Loeb v. Textron*, 600 F.2d at 1018. The district court here emphasized to the point of indelibility that "the focus of your inquiry is on defendant's motivation"—"the plaintiff must prove that the defendant Green Ford terminated him because of his age."

■ In discussing the motivational determination, the district judge explained to the jury the competing theories of the parties; the purposes of the Age Discrimination in Employment Act (its prohibition of age discrimination and its permission of non-age related action); the burden and standard of proof ("age need not be the sole reason but it must have been a substantial or motivating reason" in the discharge); the impermissibility of effecting savings in salaries or benefits "by replacing [plaintiff] with another worker;" the different methods, direct and indirect, by which plaintiff might prove his case; the question of whether the employer's proffered reasons were pretext; and so forth.

After all of this, some of which touched on the very matter plaintiff claims has been omitted, the judge returned the jury to the central question of whether plaintiff was discharged because of age. The jury answered "No" and we decline to disturb the dispensation of such basic justice on appeal.

AFFIRMED.