Rehearing granted, March 29, 2007

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4519

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDERICK SIMON LUTZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-9)

Submitted:  February 15, 2006      Decided:  December 14, 2006

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Frederick Simon Lutz, Appellant Pro Se.  Anna Mills Wagoner, United States Attorney, Sandra Jane Hairston, Assistant United States Attorney, Lawrence Patrick Auld, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Simon Lutz appeals his conviction by jury and sentence on all charges in a nine-count superseding indictment that included various counts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343 (2000); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I) (2000); and making a false material statement to a federal agent, in violation of 18 U.S.C. § 1001(a)(2) (2000). The district court sentenced Lutz to a term of imprisonment of twelve months and one day, a term of supervised release of three years, and ordered payment of restitution in the amount of $124,106.72 as well as payment of a $900 special assessment. On appeal, Lutz contends that the evidence was insufficient to establish the existence of a scheme to defraud, that Lutz acted with intent to defraud, and that Lutz made a material false statement to a federal agent. In addition, he asserts error in the district court's submission of a willful blindness instruction to the jury. Finally, Lutz challenges the district court's inclusion in its restitution order of losses arising from an uncharged offense.

We have reviewed Lutz's sufficiency of the evidence claims based on the record before us,[1] and conclude that the claims are without merit. In evaluating the sufficiency of the evidence

_____

[1]The entire trial transcript has not been made part of the record on appeal.

supporting a criminal conviction on direct review, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We consider circumstantial and direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, we do not weigh evidence or review witness credibility. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002); see also Burgos, 94 F.3d at 863. Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).

Evidence was presented at trial in this case to support the jury's findings that Lutz was involved with, and had the requisite criminal intent to act with others to perpetrate, a real estate scheme involving property-flipping through the use of straw-buyers in whose names loans were obtained through providing false information to lenders. Mortgage brokers presented or caused the

presentation of loan applications and verification materials containing such false information to lenders. Mortgage payments were not made and the properties went into foreclosure. Settlement statements prepared in connection with and provided to the lenders in order to finalize the transactions also contained material false statements about the receipt and disbursement of funds, such as cash brought to closing by straw-buyers and the recipients of closing proceeds. The evidence demonstrated that Lutz assisted in perpetrating the scheme, inter alia, by concealing the "flip" nature of the transactions from the lenders (including by falsifying documentation regarding the disbursement of loan proceeds) and the fact that the same straw-buyer was purchasing multiple properties in rapid succession all as primary residences. Contrary to Lutz's contention, the evidence in fact demonstrated how the scheme to defraud worked, the identities of its participants, how those participants were to have acted, and the goal of the scheme. Such evidence sufficiently establishes the existence of the charged scheme to defraud. See, e.g., United States v. Colton, 231 F.3d 890, 901 (4th Cir. 2000). The fact that the other participants to the scheme did not testify is of no moment to the jury's determination that the evidence presented by the Government sufficiently established the existence of the scheme, as well as the fact that Lutz acted with the intent to defraud the lenders. In addition, we find sufficient evidence to

support the jury's verdict that Lutz made material false statements to a federal agent.

We review for abuse of discretion the district court's decision to submit a willful blindness instruction to the jury. Nelson v. Green Ford, Inc., 788 F.2d 205, 208 (4th Cir. 1986). Here, Lutz expressly denied knowledge that the transactions he was closing were fraudulent. The Government introduced evidence that many signs of fraudulent activity existed, including suspicious and unusual circumstances associated with the manner in which the real estate deals were conducted and closed, which, when coupled with Lutz's stated denial of knowledge of the fraud, fully support the district court's decision to give a willful blindness jury charge.

Finally, we turn to Lutz's challenge to the district court's inclusion of $32,738.43 in its restitution order which represents the loss attributable to a real estate deal, specifically, the "Rivermeade property," which was not part of the offense on which Lutz was indicted and convicted. Specifically, Lutz asserts that the evidence of his criminal conduct as to the Rivermeade property was insufficient, that if his conduct was criminal, the lender was not directly harmed by such conduct, and that his conduct was not part of the scheme on which he was convicted. Lutz objected below to the inclusion of the Rivermeade property in his restitution order. There is no dispute that the Rivermeade property was not included in the properties on which

Lutz was indicted and convicted. The Government asserts that the restitution order is proper because the Rivermeade property loss arose "in the course of the scheme" on which Lutz was convicted. We review criminal restitution orders for abuse of discretion. United States v. Henoud, 81 F.3d 484, 487 (4th Cir. 1996).

Contrary to the Government's position, while the Mandatory Victims Restitution Act of 1996 requires that a court enter an order of full restitution when the loss is caused by a property offense, the order must be limited to the losses to the victim(s) that actually are "caused by the offense." United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003). Stated differently, "it is the 'offense of conviction,' not the 'relevant conduct,' that must be the cause of losses attributable as restitutionary liability." Id. (citing Hughey v. United States, 495 U.S. 411, 418 (1990)). Hence, we find that restitution in this case properly is tied only to the losses caused by the offense of conviction, and that in ordering restitution that included the $32,738.43 loss on the Rivermeade property, the district court erred.[2]

---

[2]Additionally, at sentencing, Lutz's base offense level was adjusted upwards four levels under the Sentencing Guidelines based on judge-found facts — including two levels for abuse of a position of trust, see USSG § 3B1.3 (2003); and two levels for obstruction of justice, see id. § 3C1.1(A), (B)(I). Lutz objected to these enhancements in the district court pursuant to Blakely v. Washington, 542 U.S. 296 (2004) (holding that sentence imposed under Washington State sentencing scheme violated Sixth Amendment because it was enhanced based on judge-found facts). In its subsequent decision in United States v. Booker, the Supreme Court applied its reasoning in Blakely to the Sentencing Guidelines. See

Accordingly, we affirm Lutz's conviction; vacate the restitution order and, to the extent Lutz intended to raise Sixth Amendment <u>Booker</u> error on appeal, his sentence in its entirety; and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

543 U.S. 220 (2005). Although it is not clear that Lutz has pursued the <u>Booker</u> issue on appeal, his pleadings — as those of a pro se litigant — should be liberally construed. <u>See</u> <u>Cox v. City of Charleston</u>, 416 F.3d 281, 288 (4th Cir. 2005). We therefore recognize that the district court committed Sixth Amendment error under <u>Booker</u> by enhancing Lutz's sentence based on facts he did not admit and the jury did not find. <u>See, e.g.</u>, <u>United States v. Alvarado</u>, 440 F.3d 191 (4th Cir. 2006). To the extent that Lutz intended to raise the <u>Booker</u> error on appeal, he is entitled to resentencing upon remand. <u>See</u> <u>id.</u>