70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alton Percival DAVIS, Defendant-Appellant.
 No. 93-5753.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1995.
Nov. 15, 1995.
 
 Henry Morris Anderson, Jr., SALEEBY & COX, P.A., Florence, South Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alton Percival Davis appeals his conviction and sentence for violating 21 U.S.C. Sec. 841(a)(1) (1988), knowingly and intentionally possessing with the intent to distribute cocaine. Davis's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the trial court abused its discretion by allowing jurors to interpret some of the answers Davis's co-defendant gave when he testified at Davis's trial but also representing that there are no arguable issues of merit in this appeal. Davis has filed a supplemental brief asserting that: (1) his due process rights were violated when he was arrested without probable cause and that his conviction was based upon the fruits of an illegal search; (2) his due process rights were violated when he was convicted based upon the perjured testimony of a Government witness that the prosecutor knew was false; (3) he was denied effective assistance of counsel because his counsel failed to move to suppress the evidence and failed to investigate and litigate the issue of the perjured testimony by the Government's witness; (4) the evidence was insufficient to support his conviction; and (5) he was prejudiced by the admission into evidence of a letter that was taken from a co-defendant's purse.
 
 
 2
 At Davis's trial, the Government established that an officer of the South Carolina Highway Patrol stopped the car Davis was driving for speeding.[1] The officer issued Davis a warning citation. The officer then asked Davis for permission to search the car, and Davis signed a consent form. A search of the car revealed cocaine in one of the female passengers' purses. The officer also found a suspicious looking car battery in the trunk of the car.[2] The officer arrested Davis and the three passengers. A subsequent investigation revealed that the car battery contained cocaine powder.
 
 
 3
 Davis asserts that the trial court abused its discretion by allowing jurors to act as interpreters for some of the answers that Davis's codefendant gave during his testimony at Davis's trial. In a federal trial, the judge's conduct is reviewed under an abuse of discretion standard. Quercia v. United States, 289 U.S. 466 (1933). The trial judge did not abuse his discretion. When counsel objected to the jurors' interpretations, the trial judge sustained the objection and had his law clerk interpret the testimony.
 
 
 4
 Davis asserts that the jurors developed a sympathetic attitude toward the witness when they were allowed to interpret his testimony and thus construed his testimony as more credible than Davis's. However, the credibility of witnesses is within the sole province of the jury and is not susceptible to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 5
 Davis asserts that there was no probable cause to detain him before the cocaine was found in the car battery. Probable cause to arrest exists when the facts and circumstances within an officer's knowledge, and of which he had reasonably trustworthy information, are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Manbeck, 744 F.2d 360, 376 (4th Cir.1984), cert. denied, 469 U.S. 1217 (1985). Davis does not dispute that the police officer properly stopped the rental car he was driving for speeding and that no one in the car was listed on the rental agreement that Davis gave the officer with his driver's license. Thus, the officer indeed had probable cause to detain Davis before the search of the car occurred. After the search, the officer found cocaine in a passenger's purse and a car battery that looked like it had been cut. Therefore, the officer had probable cause to arrest Davis because he had dominion over the car in which cocaine was found.
 
 
 6
 Davis asserts that his conviction was based on the fruits of an illegal search. To contest the validity of a search, one must demonstrate a reasonable expectation of privacy in the area searched. Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980); United States v. Chadwick, 433 U.S. 1, 7 (1977); United States v. Ramapuram, 632 F.2d 1149, 1154 (4th Cir.1980), cert. denied, 450 U.S. 1030 (1981). Furthermore, where valid consent is given, Fourth Amendment rights are waived, and a search may be conducted without probable cause or a search warrant. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973).
 
 
 7
 Because Officer Andrews obtained Davis's consent to search the car Davis was driving, Davis waived his Fourth Amendment rights. Schneckloth, 412 U.S. at 222. Furthermore, Davis does not have standing to contest the search of the pocketbook because he did not have a reasonable expectation of privacy with regard to it. Rawlings, 448 U.S. at 104-05.
 
 
 8
 Davis asserts that his conviction was based on perjured testimony by a Government witness. He claims that his co-defendants perjured themselves. Davis contends that if their testimony was not credited, any jury would be compelled to acquit him. The credibility of witnesses, however, is within the sole province of the jury. Saunders, 886 F.2d at 60. In addition, there was other overwhelming evidence of Davis's guilt.
 
 
 9
 Davis also claims that the prosecutor knew that one witness perjured himself because he had informed the trial court in the prosecutor's presence that he was guilty and wanted to enter a guilty plea. Yet, Davis contends, the prosecutor declined to address the same witness's statement during Davis's trial that he was not involved in the offense charged. However, the offer of a guilty plea does not constitute evidence of guilt. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). Furthermore, Davis had the opportunity to cross-examine the witness as to his prior admission of guilt, and the credibility of witnesses is within the sole province of the jury. Saunders, 886 F.2d at 60. Therefore, Davis's conclusory allegations of prosecutorial misconduct are meritless because they demonstrate neither that the alleged acts were indeed improper nor that they prejudiced Davis's substantial rights so as to deprive him of a fair trial. United States v. Brockington, 849 F.2d 872, 875 (4th Cir.1988).
 
 
 10
 Davis claims that he was denied effective assistance of counsel. Following a federal conviction, ineffective assistance of counsel claims should be raised by motion under 28 U.S.C. Sec. 2255 (1988), in the district court and not on direct appeal, unless it "conclusively appears" on the face of the trial record that counsel did not provide effective representation. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 503 U.S. 997 (U.S.1992). The trial record does not establish conclusively that Davis's counsel provided ineffective assistance.
 
 
 11
 Davis claims that the evidence was insufficient to support his conviction beyond a reasonable doubt. A verdict must be sustained if there is substantial evidence to support it, when the evidence is viewed in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This Court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. Saunders, 886 F.2d at 60.
 
 
 12
 The essential elements of possession with intent to distribute cocaine are proof of possession of the controlled substance, both knowingly and intentionally, with the intent to distribute. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994). Possession may be actual or constructive. Constructive possession may be established by circumstantial or direct evidence and exists when the Government shows ownership, dominion, or control over the drug or the vehicle in which it was concealed, id., and knowledge of its presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992).
 
 
 13
 The Government established that 1420 grams of cocaine were found in a car battery located in the trunk of the car that Davis was driving.[3] One witness testified that Davis informed him the battery in the trunk of the car was related to Davis's business. He also testified that he saw Davis take something out of his pants and give it to one of the other passengers when the officers stopped the car for speeding. Furthermore, the jury could infer intent to distribute cocaine because 1420 grams of powder cocaine is a quantity larger than what normally would be consumed for personal use. United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993). Thus, viewing the evidence in the light most favorable to the Government, substantial evidence supports Davis's conviction. Jackson, 443 U.S. at 319.
 
 
 14
 Finally, Davis claims that he was prejudiced by the introduction of a letter that was taken from a passenger's pocketbook. The record discloses that the letter in question was not admitted into evidence. An officer merely testified that he found a purse in the car containing a letter addressed to the owner of it. Thus, this claim is meritless.
 
 
 15
 Accordingly, we affirm Davis's conviction and sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no meritorious grounds for this appeal.
 
 
 16
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Davis was sitting in the driver's seat of the vehicle
 
 
 [2]
 The officer stated that "[t]he top of [the battery] looked like it had been cut off, and it looked like it had melted plastic or rubber to seal the top of it again, and I've never seen a battery like that. You could see where the melted stuff had overrun on the normal mold from the factory."
 
 
 [3]
 The Government also established that 203.9 grams of powder cocaine were found in a passenger's purse