## QUERCIA v. UNITED STATES.

No. 701. Argued May 9, 1933.—Decided May 29, 1933.

*Mr. Essex S. Abbott* for petitioner.

Mr. Chief Justice Hughes delivered the opinion of the Court.

Petitioner was convicted of violating the Narcotic Act. 26 U.S.C., 692, 705. The conviction was affirmed by the Circuit Court of Appeals, 62 F. (2d) 746, and this Court granted certiorari.

Reversal is sought upon the ground that the instructions of the trial court to the jury exceeded the bounds of fair comment and constituted prejudicial error. After testimony by agents of the Government in support of the indictment, defendant testified, making a general denial of all charges. His testimony is not set forth in the record. Defendant's motion for a direction of verdict and requests for rulings substantially to the same effect were denied. The court instructed the jury concerning the rules as to presumption of innocence and reasonable doubt, and stated generally that its expression of opinion on the evidence was not binding on the jury and that it was their duty to disregard the court's opinion as to the facts if the jury did not agree with it. The court ruled as matter of law that if the jury believed the evidence for the Government it might find the defendant guilty. The court then charged the jury as follows:

"And now I am going to tell you what I think of the defendant's testimony. You may have noticed, Mr. Foreman and gentlemen, that he wiped his hands during his testimony. It is rather a curious thing, but that is almost always an indication of lying. Why it should be so we don't know, but that is the fact. I think that every single word that man said, except when he agreed with the Government's testimony, was a lie.

"Now, that opinion is an opinion of evidence and is not binding on you, and if you don't agree with it, it is your duty to find him not guilty."

To this charge the defendant excepted.

In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law. *Herron* v. *Southern Pacific Co.*, 283 U.S. 91, 95. In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important; and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination. *Carver* v. *Jackson*, 4 Pet. 1, 80; *Vicksburg & Meridian R. Co.* v. *Putnam*, 118 U.S. 545, 553; *United States* v. *Philadelphia & Reading R. Co.*, 123 U.S. 113, 114; *Capital Traction Co.* v. *Hof*, 174 U.S. 1, 13, 14; *Patton* v. *United States*, 281 U.S. 276, 288. Sir Matthew Hale thus described the function of the trial judge at common law: "Herein he is able, in matters of law emerging upon the evidence, to direct them; and also, in matters of fact to give them a great light and assistance by his weighing the evidence before them, and observing where the question and knot of the business lies, and by showing them his opinion even in matters of fact; which is a great advantage and light to laymen." Hale, History of the Common Law, 291, 292. Under the Federal Constitution the essential prerogatives of the trial judge as they were secured by the rules of the common law are maintained in the federal courts. *Vicksburg & Meridian R. Co.* v. *Putnam, supra; St. Louis, I. M. & S. Ry. Co.* v. *Vickers*, 122 U.S. 360, 363; *Slocum* v. *New*

*York Life Insurance Co.,* 228 U.S. 364, 397; *Herron* v. *Southern Pacific Co., supra; Gasoline Products Co.* v. *Champlin Co.,* 283 U.S. 494, 498.

This privilege of the judge to comment on the facts has its inherent limitations. His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office. In commenting upon testimony he may not assume the role of a witness. He may analyze and dissect the evidence, but he may not either distort it or add to it. His privilege of comment in order to give appropriate assistance to the jury is too important to be left without safeguards against abuses. The influence of the trial judge on the jury " is necessarily and properly of great weight " and " his lightest word or intimation is received with deference, and may prove controlling." This Court has accordingly emphasized the duty of the trial judge to use great care that an expression of opinion upon the evidence " should be so given as not to mislead, and especially that it should not be one-sided "; that " deductions and theories not warranted by the evidence should be studiously avoided." *Starr* v. *United States,* 153 U.S. 614, 626; *Hickory* v. *United States,* 160 U.S. 408, 421–423. He may not charge the jury " upon a supposed or conjectural state of facts, of which no evidence has been offered." *United States* v. *Breitling,* 20 How. 252, 254, 255. It is important that hostile comment of the judge should not render vain the privilege of the accused to testify in his own behalf. *Hicks* v. *United States,* 150 U.S. 442, 452; *Allison* v. *United States,* 160 U.S. 203, 207, 209, 210. Thus, a statement in a charge to the jury that " no one who was conscious of innocence would resort to concealment," was regarded as tantamount to saying " that all men who did so were necessarily guilty," and as magnifying and distorting " the proving power of the facts on the subject of the concealment." *Hickory* v. *United States, supra.*

And the further charge that the proposition that "the wicked flee when no man pursueth, but the innocent are as bold as a lion," was "a self-evident proposition" which the jury could "take as an axiom and apply it" to the case in hand, was virtually an instruction that flight was conclusive proof of guilt. Such a charge "put every deduction which could be drawn against the accused from the proof of concealment and flight, and omitted or obscured the converse aspect"; it "deprived the jury of the light requisite to safely use these facts as means to the ascertainment of truth." *Id.* So where the trial judge, in referring to the defendant's story of self-defense, said—"All men would say that. No man created would say otherwise when confronted with such circumstances," this Court held that the comment practically deprived the defendant of the benefit of his testimony. "It was for the jury to test the credibility of the defendant as a witness, giving his testimony such weight under all the circumstances as they thought it entitled to, as in the instance of other witnesses, uninfluenced by instructions which might operate to strip him of the competency accorded by the law." *Allison* v. *United States, supra.* Similarly, where no testimony had been offered as to the previous character of the accused, it was prejudicial error for the trial court to comment unfavorably upon his general character. *Mullen* v. *United States,* 106 Fed. 892, 895, per Day, C. J. See, also, *Parker* v. *United States,* 2 F. (2d) 710, 711; *O'Shaughnessy* v. *United States,* 17 F. (2d) 225, 228; *Cook* v. *United States,* 18 F. (2d) 50; *Malaga* v. *United States,* 57 F. (2d) 822.

In the instant case, the trial judge did not analyze the evidence; he added to it, and he based his instruction upon his own addition. Dealing with a mere mannerism of the accused in giving his testimony, the judge put his own experience, with all the weight that could be attached to it, in the scale against the accused. He told the jury

472

that "wiping" one's hands while testifying was "almost always an indication of lying." Why it should be so, he was unable to say, but it was "the fact." He did not review the evidence to assist the jury in reaching the truth, but in a sweeping denunciation repudiated as a lie all that the accused had said in his own behalf which conflicted with the statements of the Government's witnesses. This was error and we cannot doubt that it was highly prejudicial.

Nor do we think that the error was cured by the statement of the trial judge that his opinion of the evidence was not binding on the jury and that if they did not agree with it they should find the defendant not guilty. His definite and concrete assertion of fact, which he had made with all the persuasiveness of judicial utterance, as to the basis of his opinion, was not withdrawn. His characterization of the manner and testimony of the accused was of a sort most likely to remain firmly lodged in the memory of the jury and to excite a prejudice which would preclude a fair and dispassionate consideration of the evidence. *Starr* v. *United States, supra; Mullen* v. *United States, supra; Wallace* v. *United States,* 291 Fed. 972, 974; *Parker* v. *United States, supra; O'Shaughnessy* v. *United States, supra; Leslie* v. *United States,* 43 F. (2d) 288, 289.

The judgment must be *Reversed.*