UNITED STATES of America,
Plaintiff–Appellee,

v.

Francesco MICHIENZI et al.,
Defendants–Appellants.

No. 79–5298.

United States Court of Appeals,
Sixth Circuit.

Argued July 17, 1980.
Decided Sept. 12, 1980.

John J. Callahan, Toledo, Ohio, Leonard J. Catri, George A. Howells, Sandusky, Ohio, William W. Owens, Norwalk, Ohio, for defendants–appellants.

James D. Jensen, Asst. U. S. Atty., Toledo, Ohio, for plaintiff–appellee.

Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Defendants appeal from their conviction after jury trial on three counts involving charges of mail fraud and making false statements, in violation of 18 U.S.C. §§ 1341, 1342 and 1001 (1976). The charges involve allegations that defendants had fraudulently obtained payment of Medicare and Medicaid funds.

■  While appellants contend that there was insufficient evidence to support the jury verdicts and complain about rulings on the part of the trial judge in this 12–day trial, our review of the record indicates that there was more than ample proof to sustain the jury verdicts on all three counts at issue here.

■  Our review also discloses no reversible error in the Judge's evidentiary rulings and no violation of the double jeopardy clause in the holding of a second trial after a mistrial had been declared on motion of the defendants in the first trial.

■  The primary issue which concerned this court on appeal is stated thus in appellants' brief:

At the conclusion of the government's direct examination of Edward Beier, a government witness, Judge Young arose from the bench, went over to the witness stand and conducted a conversation with the witness in the presence of the jury. When he returned to the bench, Judge Young addressed the jury, saying, "Mr. Beier and I are old friends from Norwalk." The following colloquy then took place between the Court and counsel (App. 727):

MR. HOWELLS: May we approach the bench?

THE COURT: You may.

(Whereupon, the following discussion was held at the Bench.)

MR. HOWELLS: Please let the record show that the Court rose, walked to the side of the Bench, shook hands with the witness, who rose and shook hands with the Court, and they addressed each other in a spoken way. Thank you.

It is clear to us that Mr. Beier's testimony was of great importance to the government's proofs in relation to count one of the indictment upon which defendants were convicted.

While we recognize that the District Judge's greeting to his old friend was plainly not intended to sway the jury, the episode may have lent undue weight to the testimony given by the witness involved. See Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1468 (1933).

Under this circumstance, the judgment of conviction as to count one is vacated as to both defendants. The judgments of conviction on the other counts are affirmed.