12 F.3d 206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elissa D. ANDERSON, Defendant-Appellant.
 No. 93-5312.
 United States Court of Appeals, Fourth Circuit.
 Submitted November 30, 1993.
Decided December 14, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.
 J. Roger Griffin, Jr., Christie & Kantor, for appellant.
 Kenneth E. Melson, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, HAMILTON, and LUTTIG, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 Elissa D. Anderson appeals her convictions for conspiring to distribute marijuana in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993) and for possessing marijuana with the intent to distribute in violation of 21 U.S.C. Sec. 841 (1988). Anderson raises numerous challenges to the trial proceedings.* Finding no error, we affirm Anderson's conviction.
 
 I.
 
 2
 The evidence at trial demonstrated that Robert Anderson and his wife, Elissa, arranged for Darin Eardly, Heidi Holman, and Dvora Friedman to transport marijuana from California to Virginia Beach, Virginia. Robert Anderson and Eardly took the marijuana from the Andersons' shed and packed it in a compartment inside a trailer. During the packing, Elissa Anderson instructed the men to "hurry up and get done with this" and, at completion, informed them that it looked "very good." After attaching the trailer to a truck, the three individuals began their trip to Virginia Beach.
 
 
 3
 On route to Virginia Beach, Trooper Chris Harris of the Missouri State Highway Patrol observed that the truck was speeding, stopped the truck, and questioned the individuals. After Harris suspected that the trailer contained drugs, he called for assistance and discovered the marijuana. Eardly, Friedman, and Holman were arrested. They all agreed to cooperate with the Drug Enforcement Agency ("DEA") and make a controlled delivery of the marijuana to Virginia Beach.
 
 
 4
 On May 22, 1992, Eardly contacted Richard Lorist and informed him that the marijuana was in Virginia Beach. While under police surveillance, Eardly gave the truck key to Lorist and a second individual, Hall, who drove the truck and trailer to Chesapeake, Virginia, and unloaded the marijuana. Police arrested Lorist and Hall.
 
 
 5
 Between May 22 and May 24, Eardly made a series of telephone calls to the residence of Robert and Elissa Anderson. The DEA monitored and taped these calls. During the conversations, Elissa Anderson made several incriminating statements which showed her participation and knowledge of the conspiracy to distribute marijuana.
 
 
 6
 Based on the testimony of numerous witnesses, as well as the taped conversations, the jury found Anderson guilty on both counts. Anderson appeals.
 
 II.
 
 7
 Anderson alleges that the district court erred in admitting into evidence, over objection, the taped conversations of cooperating former co-conspirators with herself and her husband. Anderson argues that the statements of the cooperating former co-conspirators should not have been admitted into evidence under the coconspirator exception to hearsay because the individuals were government agents and were no longer members of the conspiracy. Although Anderson is correct in asserting that the individuals were not members of the conspiracy, she is incorrect in characterizing the statements as hearsay. The statements were not being offered to prove the truth of the matters asserted, but were only proffered to set the context for Elissa and Robert Anderson's responses. Accordingly, the statements were not hearsay. See Fed.R.Evid. 801(c); see also United States v. GutierrezChavez, 842 F.2d 77, 81 (5th Cir.1988); United States v. Jordan, 810 F.2d 262, 264 (D.C.Cir.), cert. denied, 481 U.S. 1032 (1987).
 
 
 8
 We also find that the statements of her husband and coconspirator, Robert Anderson, were properly admitted into evidence as an exception to the prohibition against hearsay. The evidence at trial demonstrated that a conspiracy existed, that the statements were made by a coconspirator during the course of the conspiracy, and that the statements were made in furtherance of the conspiracy. Accordingly, the evidence was admissible pursuant to Fed.R.Evid. 801(d)(2)(E). See United States v. Jackson, 863 F.2d 1168, 1171 (4th Cir.1989).
 
 III.
 
 9
 Anderson also argues that the trial court erred by failing to remain fair and impartial in the conduct of her trial. In particular, she claims that the judge erroneously and prejudicially questioned Robert Anderson in the presence of the jury. Reviewing the action for an abuse of discretion, see Quericia v. United States, 289 U.S. 466, 469 (1933), we find no error.
 
 
 10
 Although the judge should take "particular care" not to intimate any view of guilt of the accused or seemingly act as an advocate or appear to usurp the prosecutor or defense counsel, see United States v. Parodi, 703 F.2d 768, 775-76 (4th Cir.1983), a trial judge may ask pertinent questions to a witness to clarify developing facts. United States v. Norris, 749 F.2d 1116, 1123 (4th Cir.1984), cert. denied, 471 U.S. 1065 (1985). While the district court repeatedly and pointedly questioned Robert Anderson, we cannot say that the court abused its discretion on this record.
 
 IV.
 
 11
 Anderson also argues that the evidence was insufficient to establish her possession of the drugs. Again, we disagree. Viewing the evidence in the light most favorable to the government, we review claims concerning sufficiency of the evidence to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant, 677 F.2d at 1021.
 
 
 12
 Although Anderson concedes that the government was not required to prove actual possession, she argues that she did not exercise exclusive dominion and control over the drugs and that she did not intend to be involved in the transportation of marijuana. Constructive possession can be established by circumstantial as well as direct evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 13
 There was sufficient evidence of Anderson's knowledge of the presence of the drugs and her dominion and control over the drugs to establish constructive possession. See United States v. Schocket, 753 F.2d 336, 340 (4th Cir.1985). Eardly testified that Elissa Anderson observed the loading of the marijuana at the Andersons' home. During the loading process, Anderson encouraged the men to "hurry up." Finally, after the men completed loading the marijuana, Elissa Anderson stated that the concealment looked "very good." Accordingly, we find that a jury could have reasonably inferred that Anderson had knowledge of the drugs.
 
 
 14
 Anderson's argument that she did not exercise exclusive dominion and control over the drugs is also meritless. The evidence demonstrated that Anderson gave instructions to Eardly, Friedman, and Holman on their activities in Virginia Beach. Anderson also stated on tape that she had "cleaned everything out" in order to avoid detection. Finally, Anderson disclosed the control number, fictitious names, and test question in order to facilitate the delivery of the wire transfer. Since "[p]ossession need not be exclusive, but may be shared with others, and is susceptible to proof by circumstantial as well as direct evidence[,]" Laughman, 618 F.2d at 1077, we find that a jury could have reasonably inferred that Anderson exercised dominion and control over the drugs.
 
 
 15
 Anderson's numerous allegations of error are meritless. Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Anderson was charged in a two-count indictment