# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MELVIN ANTONIO BURL,
*Defendant-Appellant.*

No. 00-4466

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-99-176)

Submitted: November 14, 2000

Decided: December 13, 2001

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jeffrey R. Russell, Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Melvin Antonio Burl, a Virginia prisoner, appeals his conviction and sentence for drug trafficking offenses. Burl raises three issues on appeal: whether the district court properly denied his *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge to jury selection, whether the district court improperly commented on the evidence during jury instructions, and (in his pro se brief) whether his sentence was plainly erroneous under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no reversible error, we now affirm.

I.

Melvin Burl was discovered to possess a loaded handgun and cocaine base pursuant to a lawful traffic stop and a lawful search. The indictment specifies that Burl possessed five grams of cocaine base. The jury returned a guilty verdict, and Burl was sentenced to a total of 316 months imprisonment.

II.

A party alleging a *Batson* violation must make a prima facie case of discriminatory use of peremptory challenges. *Batson*, 476 U.S. at 96-97; *United States v. Grandison*, 885 F.2d 143, 145 (4th Cir. 1989). The burden then shifts to the striking party to provide a race-neutral explanation for the peremptory challenge. *Batson*, 476 U.S. at 97. The explanation need not be persuasive or even plausible. *Purkett v. Elem*, 514 U.S. 765, 767-68 (1995). A district court's findings on a *Batson* challenge necessarily involve credibility determinations; therefore, its findings will be given great deference and will be reversed only for clear error. *Jones v. Plaster*, 57 F.3d 417, 421 (4th Cir. 1995).

The district court provided sufficient findings to demonstrate that it believed the *Batson* challenge to be meritless and that it found the Government's race-neutral reason acceptable. We defer to the district court's determination of credibility and find no error. Accordingly, the district court's rejection of Burl's *Batson* claim is affirmed.

## III.

In charging the jury, the trial judge is not limited to the rote recitation of instructions, but may "explain[ ] and comment[ ] upon the evidence, by drawing [the jury's] attention to the parts of it which he thinks important, and he may express his opinion upon the facts." *Quercia v. United States*, 289 U.S. 466, 469 (1933). This court has held it is "particularly vital that the trial judge also instruct the jurors that his comments are not binding upon them, but are only personal views expressed for the purposes of assisting them, and that they are the sole judges of the evidence." *United States v. Tello*, 707 F.2d 85, 88 (4th Cir. 1983).

The district court offered both summary commentary and the required statement about the non-binding nature of his comments to the jury. We find the district court's commentary did not render Burl's trial unfair. Therefore, we dismiss Burl's second claim.

## IV.

Burl filed a motion for leave to file a supplemental pro se brief and a pro se brief arguing that his sentence was plainly erroneous under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). While we grant Burl's motion to file a supplemental pro se brief and we fully consider his arguments, we conclude, under the particular facts of this case, that any error did not affect Burl's substantial rights. *See United States v. Stewart*, 256 F.3d 231, 252-53 (4th Cir.), *cert. denied*, *United States v. Simms*, ___ S. Ct. ___, 2001 WL 1283457 (Nov. 26, 2001); *United States v. White*, 238 F.3d 537, 543 (4th Cir.), *cert. denied*, 121 S. Ct. 2235 (2001). Accordingly, we affirm Burl's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*