**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jubenal Medina CEBALLOS,
Defendant—Appellant.**

**No. 06–30561.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 8, 2007.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Richard A. Smith, Esq., Smith Law Firm, Yakima, WA, for Defendant–Appellant.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Defendant Jubenal Medina Ceballos appeals his conviction for conspiracy to distribute methamphetamine, 21 U.S.C. § 846, and distribution of methamphetamine, *id.* § 841(a). He also appeals his 151–month sentence. We affirm.

 1. Reviewing de novo, *United States v. Nielsen*, 371 F.3d 574, 579 (9th Cir.2004), we hold that probable cause sup-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ported the search warrant for the residence at 1310 Sharon Avenue, the arrest of Defendant, and the search of the red Jeep Cherokee. The facts alleged in the supporting affidavit indicated "a fair probability that contraband or evidence of a crime" would be found at the residence, *United States v. Diaz*, 491 F.3d 1074, 1078 (9th Cir.2007) (internal quotation marks omitted), "a 'fair probability' that [Defendant] ha[d] committed a crime," *United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir.2006), and a fair probability that the red Jeep Cherokee had been used "in a[ ] manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances]," 21 U.S.C. § 881(a)(4); *see Florida v. White*, 526 U.S. 559, 563, 119 S.Ct. 1555, 143 L.Ed.2d 748 (1999) (holding that a search of a vehicle is warranted where probable cause exists that a violation of a civil forfeiture law such as 21 U.S.C. § 881 has occurred).

2. Reviewing the record de novo, we hold that Defendant voluntarily waived his *Miranda* rights. *See United States v. Amano*, 229 F.3d 801, 803–05 (9th Cir. 2000) (establishing standard of proof and listing the relevant factors).

3. The district court did not abuse its discretion by commenting on the evidence. *See White v. City of Norwalk*, 900 F.2d 1421, 1426 (9th Cir.1990) ("[A] trial judge may comment on the evidence, 'but he may not either distort it or add to it.'" (quoting *Quercia v. United States*, 289 U.S. 466, 469–70, 53 S.Ct. 698, 77 L.Ed. 1321 (1933))).

4. The district court did not abuse its discretion by denying Defendant's motion for a new trial on account of alleged prosecutorial misconduct, because the prosecutor's comments were only slightly improper, if improper at all, and the judge quickly issued a curative instruction to the jury. *See United States v. Younger*, 398 F.3d 1179, 1192 (9th Cir.2005) (holding that a curative statement can suffice to correct any potential effect on the verdict); *United States v. Murillo*, 288 F.3d 1126, 1140 (9th Cir.2002) (stating the standard of review).

5. The district court did not plainly err by failing to declare a mistrial after a witness referred to "the people in the tank." *See United States v. Geston*, 299 F.3d 1130, 1134 (9th Cir.2002) (stating the plain error standard of review when the defendant does not object at trial). In context, that comment neither clearly referred to prison staff nor clearly referred to Defendant's incarceration. *Cf. United States v. Allen*, 425 F.3d 1231, 1236 (9th Cir.2005), *cert. denied*, 547 U.S. 1012, 126 S.Ct. 1487, 164 L.Ed.2d 263 (2006) (finding no abuse of discretion in a case in which a witness clearly referred to the defendant's incarceration).

6. The district court did not plainly err by allowing the prosecutor's statements during closing argument concerning Plaintiff's testimony about the truck. *See Geston*, 299 F.3d at 1134–35 (stating the standard of review).

7. The district court did not abuse its discretion by admitting evidence under Federal Rule of Evidence 404(b) that a small amount of methamphetamine was found during the search of Defendant's Jeep, because possession of methamphetamine can be used to prove Defendant's knowledge of methamphetamine. *United States v. Ramirez–Robles*, 386 F.3d 1234, 1242–43 (9th Cir.2004). Even if the district court did err, though, any error was harmless. The evidence of the methamphetamine in the Jeep played only a very small role in the government's case, and "it is more probable than not that the erroneous admission of the evidence did

not affect the jury's verdict." *Id.* at 1244 (internal quotation marks omitted).

8. The district court erred by allowing testimony under Federal Rule of Evidence 106 "because no writing or recorded statement was introduced by a party[,] ... [the] out-of-court statements ... do not fall within an exception to the hearsay rule, ... [and] there was no concern in this case that [Defendant] introduced a misleadingly-tailored snippet." *United States v. Collicott,* 92 F.3d 973, 983 (9th Cir.1996) (footnotes and citations omitted). But the error was harmless because we do not have "grave doubt whether the erroneously admitted evidence substantially affected the verdict." *Id.* at 984. Unlike in *Collicott,* the underlying facts in the improperly admitted evidence had been introduced properly through the testimony of two different witnesses.

9. The cumulative error, if any, was harmless. *See United States v. Fernandez,* 388 F.3d 1199, 1256–57 (9th Cir.2004) (stating that the cumulative effect of all errors must be examined for harmlessness), *modified,* 425 F.3d 1248 (9th Cir. 2005). The prosecution's case against Defendant was strong, and the cumulative error was minor. *See United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir. 1996) (holding that the stronger the prosecution's case against Defendant, the greater the cumulative error must be to warrant reversal).

10. Reviewing de novo, *United States v. Shetty,* 130 F.3d 1324, 1333 (9th Cir.1997), we hold that the district court properly granted a two-point enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Defendant pleaded guilty under the original indictment but failed to appear for sentencing and remained at large for a year. *See United States v. Petersen,* 98 F.3d 502, 508 (9th Cir.1996) (holding that willful failure to appear at sentencing sup-ported obstruction of justice enhancement). We reject Defendant's argument that the government's filing of a superseding indictment to correct an erroneous date somehow alters the analysis.

**AFFIRMED.**