**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**F I L E D**
December 7, 2009

No. 07-41240
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

RAMIRO HERNANDEZ-FLOREZ,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-375-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramiro Hernandez-Florez appeals his jury convictions and resulting concurrent 120-month prison sentences for one count conspiracy to possess with intent to distribute marijuana and one count of aiding and abetting the possession with intent to distribute marijuana. On March 26, 2004, Hernandez-Florez was caught by members of the Laredo Multi-Agency Narcotics Task Force with a large amount of marijuana in the back of a dump truck he was driving.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He told the agents he could obtain additional marijuana and later did so. Herndandez-Florez claims he was working at the direction of the police when he picked up the second, much larger, load and was promised he would not be prosecuted. Combined, the loads consisted of nine duffel bags of marijuana and a large number of bundles.

Three years later, Hernandez-Florez was charged with conspiracy to possess marijuana with the intent to distribute and aiding and abetting possession of a controlled substance with intent to distribute. The prosecution alleged each count involved a quantity of 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. Hernandez-Florez pled not guilty to both counts and claimed that to the extent he was responsible for any amount, it was only the first load which he claimed was no more than 100 kilograms. The jury found Hernandez-Florez guilty on both counts and found the amount to be "100 kilograms or more" but less than 1000 kilograms. Such a finding indicated the jury concluded that all nine duffel bags and none of the bundles—consisting of 231 kilograms of marijuana—belonged to the first load, and rejected Hernandez-Florez's contention that only two bags were a part of the first load.

Hernandez-Florez appeals his convictions. He argues that the court erred in refusing to grant a brief continuance so that he could be represented by retained counsel of choice, by instructing the jury he had admitted guilt to the charges against him and the only issue in dispute was the quantity of drugs involved, and in allowing Agent Joe Lopez to testify as to the amount of marijuana contained in the first load in Hernandez-Florez's truck.

I

Hernandez-Florez argues that the district court erred when it—without providing a reason or justification—refused to grant a brief continuance so that he could be represented by retained counsel of choice. We find that Hernandez-Florez was given a fair and reasonable opportunity to obtain counsel of choice and the decision to deny a continuance was not an abuse of discretion by the district court.

The grand jury filed the indictment against Hernandez-Florez on March 13, 2007. He made his initial court appearance on April 5, 2007, at which time he requested appointed counsel. The district court inititailly appointed a Federal Public Defender to represent Hernandez-Florez, but on May 11, the court appointed private attorney Eustorgio Perez to represent him. The district court granted Hernandez-Florez a week continuance so that Perez could catch up and to prepare a proffer. On June 15, Perez appeared at a pretrial hearing where the parties discussed the possibility of entering into a plea agreement, but on June 21 Perez informed the magistrate judge that the case would likely head to trial; on June 25 Hernandez-Florez informed the court he wished to have a bench trial. During the June 29 bench trial, the court determined that the parties' proffers were not sufficient to make a proper decision and that testimony would have to be heard; the court reset the bench trial for July 3 and alternatively set a jury trial for July 16. Hernandez-Florez also filed a motion to suppress all the evidence.

On July 11, five days before the scheduled jury trial, the district court held a pretrial hearing after Hernandez-Florez informed the court he terminated Perez. There Hernandez-Florez stated that his family had decided to pay for a

private lawyer and that they would be making a final decision shortly. Hernandez-Florez stated that both attorneys under consideration were aware that the trial was set for the following Monday. On July 16, the court held a hearing on Hernandez-Florez's motion to suppress and Perez appeared on behalf of Hernandez-Florez. Perez told the court Hernandez-Florez's chosen lawyer could not appear that week because of a scheduling conflict. The court at that point told Hernandez-Florez that the case would be tried that week and that he could either proceed with Perez or pro se. Hernandez-Florez agreed to proceed with Perez as his attorney. During this exchange no objection to the court's decision to proceed or motion for continuance was explicitly made.

"When a defendant has been given a reasonable opportunity to obtain counsel of his choice, the court retains broad discretion in evaluating a request for a continuance."[1] Here the defendant had ample opportunity to obtain counsel of his own choosing, but waited until the eve of trial.[2] Even presuming Hernandez-Florez properly preserved his objection below, he has not shown that the district court abused its discretion in refusing to grant an implied motion for continuance on the day of trial so that he could retain new counsel.

## II

Hernandez-Florez next argues that the district court committed plain error by impermissibly instructing the jury that Hernandez-Florez had admitted

---

[1] *Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004); see also United States v. Paternostro, 966 F.2d 907, 912-13 (5th Cir. 1992).

[2] *See McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) ("trial courts must necessarily be wary of last minute requests to change counsel lest they impede the prompt and efficient administration of justice").

guilt to the charges against him and that the only issue in dispute was the quantity of drugs involved. As Hernandez-Florez did not object to the instructions at trial, we review for plain error only.[3] "A jury instruction is plain error if (1) it was erroneous; (2) the error was plain; and (3) the plain error affected the substantial rights of the defendant. This court has the discretion to correct plain error where the error seriously affects the fairness, integrity or public reputation of judicial proceedings."[4]

The district court's comments did not usurp the jury's authority but simply facilitated the decision-making process by reflecting the evidence in the record.[5] As recognized by defense counsel during both opening statements and closing arguments and by Hernandez-Florez himself, there was no dispute that Hernandez-Florez did, to some extent, participate in a conspiracy and possess a quantity of marijuana prior to being apprehended by law enforcement officials. Rather, this case essentially turned on whether Hernandez-Florez's acceptance of the second shipment of marijuana under the alleged authority of law enforcement officials somehow negated his responsibility for the first shipment of marijuana, the extent of Hernandez-Florez's involvement in the conspiracy, and for what amount of drugs, if any, Hernandez-Florez could be held accountable. As in *United States v. Inocencio*, the district court merely stated the facts as provided by the evidence and relied upon the same evidence that the

---

[3] *United States v. Percel*, 553 F.3d 903, 909 (5th Cir. 2008).

[4] *Id.* (internal quotations and citations omitted).

[5] *See United States v. Inocencio*, 40 F.3d 716, 729-30 (5th Cir. 1994).

defense counsel relied upon in closing.[6] Moreover, given the unusual circumstances of this case, the district court's comments were helpful in clarifying "where the question and knot of the business lies."[7]

Furthermore, even if there was error, the district court provided numerous curative instructions.[8] The district court provided a detailed and thorough explanation of the indictment, and in addition, explained that the Government had the burden of proving Hernandez-Florez's guilt beyond a reasonable doubt. Moreover, the district court stressed to the jury that it alone had the power to make credibility determinations, that although it had an obligation to follow the law, it was free to disregard the court's interpretation of the evidence, and that it had the ultimate authority to determine Hernandez-Florez's guilt or innocence. In addition, the district court submitted all theories of defense for the jury's consideration. It is presumed that juries will follow the instructions provided.[9] Although this court has held in some cases that curative instructions were not sufficient to remove the taint of substantially prejudicial comments made by the district judge, this is not such a case. The district judge's comments were not sufficiently "quantitatively and qualitatively substantial" to pose any

---

[6] *See id.* at 730-31.

[7] *Quercia v. United States*, 289 U.S. 466, 469 (1933) (internal quotations and citations omitted).

[8] *See Inocencio*, 40 F.3d at 730-31.

[9] *United States v. Heffron*, 314 F.3d 211, 222 (5th Cir. 2002).

threat to the fairness of Hernandez-Florez's trial.[10]  Accordingly, we do not find the district court committed plain error.

III

Lastly, Hernandez-Florez argues the district court committed plain error in allowing Agent Joe Lopez to testify as to the amount of marijuana contained in the first load because Agent Lopez did not have personal knowledge.  He argues that Agent Lopez's testimony affected Hernandez-Florez's substantial rights because it was the only evidence from which the jury could have concluded the first load of drugs weighed more than 100 kilograms.  We review this newly raised issue for plain error only.[11]

Even if the district court erred in admitting Agent Lopez's testimony, Hernandez-Florez's substantial rights were not affected.  There was sufficient evidence in the record, in particular the testimony of Agent Jose Benavides, that the two loads were distinctly packaged and that the first load consisted of the nine duffel bags while the second load consisted of only bundles.  Based on the totality of the evidence, it was not unreasonable for the jury to conclude that the first load consisted of over 100 kilograms of marijuana.[12]  Moreover, where the

---

[10] *United States v. Lankford*, 196 F.3d 563, 572 (5th Cir. 1999) (internal quotations and citations omitted).

[11] *United States v. Akpan*, 407 F.3d 360, 373 (5th Cir. 2005).

[12] *See United States v. Ayala*, 887 F.2d 62 (5th Cir. 1989) ("[W]hat the fact finder is permitted to infer from the evidence in a particular case is governed by a rule of reason, and . . . circumstances altogether inconclusive, if separately considered, may, by their number and joint operation . . . be sufficient to constitute conclusive proof." (internal quotations and citations removed)).

complained upon evidence is largely cumulative of other evidence presented to the jury, there is no harm in its admission.[13]

The judgment of the district court is AFFIRMED.

---

[13] *See United States v. Insaulgarat*, 378 F.3d 456, 466 (5th Cir. 2004).