# SUPREME COURT OF THE UNITED STATES

ROBERT K. WONG, WARDEN *v.* ANTHONY BERNARD SMITH, JR.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 09–1031.   Decided November 1, 2010

The petition for a writ of certiorari is denied.

JUSTICE ALITO, with whom THE CHIEF JUSTICE and JUSTICE SCALIA join, dissenting from denial of certiorari.

The Court of Appeals granted habeas relief in this case after concluding that a state trial judge unconstitutionally coerced the jury by commenting and offering an opinion on the evidence. Because that decision cannot be reconciled with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U. S. C. §2254(d)(1), and gives short shrift to a venerable common-law practice, I would grant the petition for writ of certiorari.

I

After they learned that Eugene and Deanna S. had won some money at a casino, respondent Anthony Smith and codefendant James Hinex drove to the couple's Sacramento home, burglarized it, and robbed both victims at gunpoint. During the robbery, one of the defendants put a gun to the head of Mrs. S. and forced her to perform oral copulation. Both Smith and Hinex were arrested and charged under California law with one count of residential burglary and two counts of residential robbery. Cal. Penal Code Ann. §§459 (West 2010), 211 (West 2008). Smith was also charged with forcible oral copulation. §288a(c) (West 2008). At trial, the jury deliberated for a little over two days before convicting both defendants on the burglary and robbery counts. The jury had a more difficult

time reaching agreement on the oral-copulation count. Tests showed that semen recovered from the crime scene matched Smith's DNA, but Mrs. S. had originally identified Hinex as her attacker.

On the fourth day of deliberations, one juror sent the judge a note stating that he was unable to vote to convict Smith on the oral-copulation count because he thought the DNA evidence was unreliable. The trial judge then gave the jury a modified version of an *Allen* charge. See *Allen* v. *United States*, 164 U. S. 492 (1896). When further deliberations proved fruitless, the judge decided to exercise the judicial authority, as recognized by the State Constitution, to "comment on the evidence." See Cal. Const., Art. VI, §10.

At the outset, the judge reminded the jurors that they were the "'exclusive judges of the facts.'" *Smith* v. *Curry*, 580 F. 3d 1071, 1077 (CA9 2009). He explained that his comments were not intended "'to impose [his] will'" on the jury, but only to review "certain evidence" that they "'may not have considered.'" *Ibid.* The judge thought it "'important'" for the jury to consider the statements Smith and Hinex "'made to law enforcement following their arrests,'" particularly the "'consistencies and inconsistencies'" between those statements. *Ibid.* The judge pointed out that Smith told police that both he and Hinex entered the house. Smith stated that he found Mrs. S. in a back bedroom, that Smith was armed at the time, and that Mrs. S. gave Smith a $100 bill. *Id.*, at 1077–1078. The judge noted that Hinex also "'said Smith went to the back of the house . . . and closed the door.'" *Id.*, at 1077. But Hinex denied going inside the house himself. The judge played the tapes of both defendants' statements for the jury. He told them to consider and discuss the statements during deliberations. Finally, the judge reiterated that his "'comments [were] advisory only'" and that the jurors remained "'the exclusive judges'" of the facts and the "'credibility of

witnesses.'" *Id.*, at 1078. The jury continued their deliberations; a short time later, they returned a guilty verdict against Smith on the oral-copulation count.

Smith argued on appeal that the judge's comments coerced the jury's verdict. A California intermediate appellate court rejected that claim. The California Supreme Court denied review. Smith then filed a federal petition for writ of habeas corpus, 28 U. S. C. §2254, which the District Court granted. A split Ninth Circuit panel affirmed.

## II

Smith's claim on federal habeas is that the California appellate court unreasonably applied this Court's clearly established law forbidding coercive jury instructions. §2254(d)(1); see Brief in Opposition 12. "[C]learly established" law under §2254(d)(1) consists of "the holdings, as opposed to the dicta, of this Court's" cases. *Williams* v. *Taylor*, 529 U. S. 362, 412 (2000). An "unreasonable application" of that law involves not just an erroneous or incorrect decision, but an objectively unreasonable one. *Renico* v. *Lett*, 559 U. S. ___ (2010).

The clearly established law relevant to this case is sparse. Just one of this Court's decisions, *Lowenfield* v. *Phelps*, 484 U. S. 231 (1988), has addressed the constitutional rule against coercive jury instructions. And *Lowenfield* held only that, on the totality of the circumstances present there, no unconstitutional coercion resulted. *Id.*, at 241. The Court has also decided several cases on the specific practice of judicial comment on the evidence. *E.g., Quercia* v. *United States*, 289 U. S. 466 (1933). But all of those cases arose under this Court's supervisory power over federal courts; they set no clearly established constitutional limits under AEDPA. See *Early* v. *Packer*, 537 U. S. 3, 10 (2002) *(per curiam)*. As a result, the clearly established law in this area provides very little specific

guidance.  About all that can be said is that coercive instructions are unconstitutional, coerciveness must be judged on the totality of the circumstances, and the facts of *Lowenfield* (polling a deadlocked jury and reading a slightly modified *Allen* charge) were not unconstitutionally coercive.  See 484 U. S., at 237–241.

A general standard such as this gives state courts wide latitude for reasonable decisionmaking under AEDPA. *Yarborough* v. *Alvarado*, 541 U. S. 652, 664 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").  That latitude is wider still in this case, as no constitutional decision of this Court has ever explained how the general rule against "coercion" applies to the traditional practice of judicial comment on the evidence.  Cf. *Carey* v. *Musladin*, 549 U. S. 70, 76 (2006).

For centuries, trial judges have enjoyed authority to comment on the evidence.  At common law, the judge was empowered to "weig[h] the evidence" and share an "opinion" with the jury, even "in matter of fact."  2 M. Hale, History of the Common Law of England 147 (5th ed. 1794) (hereinafter Hale).*  The practice is well established in this Court's cases as well.  The Court has recognized that a trial judge has "discretion" to "comment upon the evidence," to call the jury's "attention to parts of it which he thinks important," and to "express his opinion upon the facts."  *Vicksburg & Meridian R. Co.* v. *Putnam*, 118 U. S. 545, 553 (1886); *Quercia, supra,* at 469.

———————

\* See J. Thayer, Preliminary Treatise on Evidence at Common Law 188, n. 2 (1898) (trial by jury "in a form which would withhold from the jury the assistance of the court in dealing with the facts" is not "trial by jury in any historic sense of the word"); 9 J. Wigmore, Evidence §2551, p. 664 (J. Chadbourn rev. 1981) (hereinafter Wigmore) (comment on the evidence "existed at common law since the beginning of jury trial, and must be regarded historically as an essential and inseparable part of jury trial").

To be sure, the practice has for many years been on the wane. Comment on the evidence has always been more popular in Britain than it ever was in this country. See 9 Wigmore §2551, at 666. That said, federal courts and several States continue to recognize judicial authority to comment on the evidence, and California expressly protects the practice in its State Constitution. Cal. Const., Art. VI, §10.

This long tradition, combined with the complete absence of constitutional precedent on how to apply *Lowenfield*'s anticoercion principle in this context, shows that federal courts should tread lightly when faced with a claim that judicial comment on the evidence runs afoul of clearly established federal law. Outside of extreme cases, most decisions approving traditional uses of this common-law practice should fall within the bounds of reasonable decisionmaking under AEDPA.

## III

Here, the California appellate court did not unreasonably apply this Court's clearly established law. The trial judge, before commenting on the evidence, made clear that the jurors remained the exclusive judges of the facts and that the judge's comments were advisory only. 580 F. 3d, at 1077. The judge then directed the jurors to particular evidence—the defendants' initial statements to police—and highlighted for them certain "'consistencies and inconsistencies'" between those statements. *Ibid.* This practice of drawing the jury's "attention to parts" of the evidence that the judge thinks "'important'" lies at the recognized core of the common-law power to comment on the evidence. See *Vicksburg*, *supra,* at 553; Hale 147 (The judge "is able, . . . in matters of fact, to give [the jury] great light and assistance, by . . . observing where the question and knot of the business lies; and by showing them his opinion even in matter of fact" (some capitaliza-

tion omitted)).  Neither the trial judge's decision to employ the practice here nor the state appellate court's approval of the instruction ran afoul of clearly established federal law.

The Ninth Circuit's contrary decision rested in large measure on its concern that the comments "pointed the jury to evidence leading to a particular verdict," while omitting to mention other evidence favorable to Smith. 580 F. 3d, at 1081, 1083.  But the common-law privilege to comment on the evidence has never required a compendious summary.  Rather, the judge has traditionally enjoyed the power to focus on the particular evidence the *judge* thinks important, and to share with the jury an opinion on that evidence.  *Vicksburg*, *supra,* at 553; *Quercia*, 289 U. S., at 469.  It was not unreasonable under this Court's clearly established law for the California appellate court to approve that practice here.

The Ninth Circuit's opinion also suggests that, when a jury is "deadlocked," the judge may provide only "appropriate encouragement . . . to deliberate," and must refrain from providing the "judge's selective view of the evidence." 580 F. 3d, at 1080.  None of this Court's constitutional cases establish such a rule.  And this Court's supervisory-power cases (which, if anything, set a more demanding standard than the constitutional minimum) have specifically upheld judicial comments that provide a particular "view of the evidence" to an apparently deadlocked jury. See *Simmons* v. *United States*, 142 U. S. 148, 155 (1891) (no error where judge denied deadlocked jury's request to be discharged and told them "that he regarded the testimony as convincing").  Nothing in this Court's clearly established law prohibits the trial judge from offering an opinion to a jury that is struggling to reach a verdict.

The Ninth Circuit was also troubled that the trial judge's comments appeared to be designed to address the concerns of the holdout juror.  580 F. 3d, at 1082.  And the

panel majority disapproved of the trial judge's "mandatory language" directing the jury to "'consider and discuss'" the evidence highlighted by the court. *Id.*, at 1082–1083. Whatever potential for coercion these comments caused, the California appellate court's decision upholding them "was clearly *not unreasonable*" under the general *Lowenfield* standard. See *Renico,* 559 U. S., at \_\_\_ (slip op., at 12). I would grant certiorari in this case and correct the Ninth Circuit's error.