**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30082 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00257-JLR-2 |
| v. | |
| WARREN TAYLOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 3, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Warren Taylor appeals from his conviction for conspiracy to distribute

Ectasy asserting that (1) the government violated his rights under the Equal

Protection Clause when it challenged two minority jurors; (2) the district court

violated his rights under the Confrontation Clause when it limited the scope of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

counsel's cross-examination of a cooperating witness; and (3) the district court's statement to the jury concerning the evidence that would be presented at trial compromised the jury's role as the ultimate finder of fact. We affirm.[1]

**1.** When a defendant alleges a violation of his rights under *Batson v Kentucky*, 476 U.S. 79 (1986), we apply a three-part burden shifting test to determine if the potential juror was challenged on the basis of impermissible discrimination. *United States v. Collins*, 551 F.3d 914, 919 (9th Cir. 2009). First, the defendant "must make a prima facie showing that the challenge was based on an impermissible ground, such as race." *Id.* Second, "if the trial court finds the defendant has made a prima facie case of discrimination, the burden then shifts to the prosecution to offer a race-neutral reason for the challenge that relates to the case"; and third, "if the prosecutor offers a race-neutral explanation, the trial court must decide whether the defendant has proved the prosecutor's motive for the strike was purposeful racial discrimination." *Id.*, quoting *Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008) (internal quotation marks omitted).

Here, assuming that Taylor had made a prima facie showing that the challenges to Jurors 18 and 23 were based on impermissible grounds, the

---

[1] The parties are familiar with the facts, and we repeat them here only as necessary to explain our decision.

prosecutor's proffered reasons for excusing the jurors were not facially discriminatory. He stated that he excused Juror 18, who had the appearance of being Muslim, because she stated that she would probably feel uncomfortable being tried by twelve persons who looked different from her, and she smiled at defendant's counsel after making this statement. The prosecutor noted that he excused Juror 23, who was of Southeast-Asian heritage, because she had not said anything during voir dire, and because her "body slips down in her seat . . . [s]he makes herself small and tiny . . . [and] barely made eye contact." As to each juror, the district court ultimately concluded that the prosecutor's reasons were not pretexts for discriminatory purposes. Our review of the record shows that the district court's determinations are reasonable and they are entitled to deference. *See Felkner v. Jackson*, 131 S. Ct.1305, 1307 (2011) (noting that the trial court's determination is entitled to "great deference" and should be sustained "unless clearly erroneous"). The government's excusing of Jurors 18 and 23 did not violate Taylor's rights under the Equal Protection Clause.

**2.** Although the district court limited defense counsel's cross-examination of cooperating witness Banks, the restriction was limited to the details of one telephone conversation. Such a limitation on cross-examination is reviewed for abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007)

3

(en banc) ("A challenge to a trial court's restrictions on the manner or scope of cross-examination on nonconstitutional grounds is thus reviewed for abuse of discretion.").  In light of the extensive evidence of Banks' questionable character that the defense was allowed to produce, the limitation was not an abuse of discretion.  Moreover, even if the limitation were error, it was harmless in light of the overwhelming evidence against Taylor.  *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (holding that "the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias, like other Confrontation Clause errors, is subject to *Chapman* harmless-error analysis").

**3.**  The district court's statement that the evidence presented at trial, by both sides, would be more reliable than whatever a juror might discover on the Internet was correct, not an abuse of discretion, and did not invade the jury's province of evaluating the evidence produced at trial.  *See Quercia v. United States*, 289 U.S. 466, 469 (1933); *see also United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000) ("A district court has discretion to comment on the evidence, as long as it makes clear that the jury must ultimately decide all questions of fact.").

Taylor's conviction is **AFFIRMED.**

4