**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1462

UNITED STATES OF AMERICA,

Appellee,

v.

JEAN CARLOS RAMOS-PIÑEIRO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Circuit Judge,
Souter,* Associate Justice,
and Selya, Circuit Judge.

William S. Maddox on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

January 13, 2016

* Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**Per Curiam.** Following a six-day jury trial, defendant-appellant Jean Carlos Ramos-Piñeiro was convicted on an array of charges, including a RICO conspiracy count, see 18 U.S.C. 1962(c), eight counts relating to the commission of violent crimes (specifically, murders) in aid of racketeering activities, see id. § 1959(a)(1), and a number of counts alleging violations of various drug-trafficking and firearms statutes. The district court sentenced him to, inter alia, several consecutive life sentences. In this venue, the appellant challenges his convictions, claiming that he was unfairly prejudiced during the trial by the district court's caustic exchanges with his defense counsel and its questioning of witnesses. Concluding, as we do, that this multi-faceted claim of error lacks force, we summarily affirm.

We need not tarry. Where, as here, a litigant contends that the district court's words and actions undermined the fairness of his trial, our review is ordinarily for abuse of discretion. See United States v. Ayala-Vázquez, 751 F.3d 1, 23 (1st Cir. 2014). This standard of review grows less appellant-friendly, however, when it relates to claims of error that were not preserved below. In such an event, review is for plain error. See United States v. Santana-Pérez, 619 F.3d 117, 124 (1st Cir. 2010). So it is here.

To satisfy the plain error standard, an appellant must show: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights,

but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). So viewed, "[t]he plain error hurdle is high." United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989).

We begin our discussion of the appellant's claim of error with bedrock: "[a] fair trial in a fair tribunal is a basic requirement of due process." United States v. de la Cruz-Paulino, 61 F.3d 986, 997 (1st Cir. 1995) (quoting United States v. Nueva, 979 F.2d 880, 885 (1st Cir. 1992)). Accordingly, a "judge's participation [in the trial] must be balanced; he cannot become an advocate or otherwise use his judicial powers to advantage or disadvantage a party unfairly." Logue v. Dore, 103 F.3d 1040, 1045 (1st Cir. 1997).

This does not mean that the role of a trial judge should be confined to that of a passive spectator. To the contrary, the judge is "the governor of the trial for the purpose of assuring its proper conduct." Id. (quoting Quercia v. United States, 289 U.S. 466, 469 (1933)). Thus, a trial judge "has a perfect right — albeit a right that should be exercised with care — to participate actively in the trial proper." United States v. Ofray-Campos, 534 F.3d 1, 33 (1st Cir. 2008) (quoting Logue, 103 F.3d at 1045). In the bargain, the trial judge must be afforded considerable leeway in determining what should be done to keep the

- 3 -

trial on track and to ensure acceptable courtroom behavior.  See Liteky v. United States, 510 U.S. 540, 556 (1994).  This leeway encompasses, among other things, the "power to question witnesses and to analyze, dissect, explain, summarize, and comment on the evidence."  Logue, 103 F.3d at 1045.

In exercising these powers, a trial judge is not bound to conform to an artificially antiseptic standard.  A judge may couch his comments in blunt language — and "[b]lunt language, without more, does not translate into a showing of judicial bias." United States v. Caramadre, 807 F.3d 359, 374-75 (1st Cir. 2015). Even "remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases" are usually insufficient to prove bias.  Liteky, 510 U.S. at 555.

In this case, we have carefully examined the record and paid particular attention to the district judge's interactions with defense counsel and with witnesses.  The trial was hard-fought, and it was waged against an ugly factual backdrop.  On a few occasions, the judge acted brusquely; on a few other occasions, he used questionable language or showed signs of impatience.  But defense counsel was no model of civility; and nothing about either the judge's statements or his behavior came close to crossing the due process line.  We conclude, without serious question, that the appellant's trial was fundamentally fair: there was no hint of

"serious prejudice." United States v. Valdivia, 680 F.3d 33, 43 (1st Cir. 2012). Consequently, the appellant's claim of error fails.

We need go no further. For the reasons elucidated above, the judgment of the district court is summarily affirmed.

**Affirmed.** See 1st Cir. R. 27.0(c).