# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 08-40760
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BERTHA ADRIANA MENCHACA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-48-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bertha Adriana Menchaca appeals her convictions for: two counts of transporting illegal aliens within the United States for financial gain, in violation of 8 U.S.C. § 1324; and aiding and abetting, in violation of 18 U.S.C. § 2. Trial testimony revealed that Border Patrol agents stopped a vehicle being driven by Menchaca's codefendant and containing six illegal aliens hidden in its cargo area. Testimony also established Menchaca rented the vehicle.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-40760

Menchaca contends the district judge's comments on the evidence during the jury charge constituted structural error and deprived her of a fair trial because they, in essence, directed a verdict on some elements of her charged offenses.

As Menchaca concedes, she did *not* object in district court to any of the now-contested comments.   Because the claimed errors do *not* amount to structural error, they are amenable to, and we apply, plain-error review.  *See Hedgpeth v. Pulido*, 129 S. Ct. 530, 532 (2008) (instructional errors not structural unless they "vitiate *all* the jury's findings") (quoting *Neder v. United States*, 527 U.S. 1, 11 (1999)) (emphasis in original) (internal quotation marks omitted); *United States v. Inocencio*, 40 F.3d 716, 728-29 (5th Cir. 1994) ("'When no party objects at trial to a jury instruction, we will uphold the charge absent plain error.'") (quoting *United States v. Davis*, 19 F.3d 166, 169 (5th Cir. 1994)).

For plain-error review, we "may, in [our] discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings'".  *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (quoting *Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009)).

The district court is *not* limited to abstract instructions and may "assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which [it] thinks important, and [it] may express [its] opinion upon the facts, provided [it] makes it clear to the jury that all matters of fact are submitted to their determination".  *Quercia v. United States*, 289 U.S. 466, 469 (1933).  "While the [district] court may under no circumstances withdraw any element of an offense from the jury's consideration in a criminal case, the judge may comment on the evidence, so long

as he instructs the jury that they are not bound by his comments." *Inocencio*, 40 F.3d at 729. "A judge may point out undisputed facts to the jury without error." *Id.* "In determining whether the trial judge overstepped the limits imposed on the judge's conduct, this Court must view the proceedings as a whole." *United States v. Carpenter*, 776 F.2d 1291, 1294 (5th Cir.1985). The instructions are evaluated "as a whole, without isolating statements which may appear prejudicial outside the context in which they were made". *United States v. Gomez-Rojas*, 507 F.2d 1213, 1223 (5th Cir. 1975).

Menchaca contends the district court improperly directed a verdict on at least two elements of each charged offense. With respect to the two counts of transporting illegal aliens for commercial advantage, the Government had the burden to prove: (1) "[A]n alien had entered or remained in the United States in violation of the law"; (2) Menchaca "transported the alien within the United States with intent to further the alien's unlawful presence"; and (3) Menchaca "knew or recklessly disregarded [that] fact . . . ." *See United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002). With respect to the aiding and abetting count, the Government had the burden to prove: (a) the elements of the alien-transporting offense; and (b) Menchaca "associated with [that] criminal venture, purposefully participated in [it], and sought by [her] actions to make [it] succeed". *United States v. Garcia*, 242 F.3d 593, 596 (5th Cir. 2001).

Menchaca contends the court erred by directing the jury to find the Government had met its burden with respect to the elements of the transporting-aliens offenses listed above. In referring to whether the transported persons were "aliens", the court summarized the evidence and commented: "And he says that [he wasn't born here and is not a citizen of the United States]. I don't think anybody is arguing about that". In regard to whether they were here in violation of the law, it commented: "I think both have admitted they are here in violation of law, but you have to be satisfied about that . . . ." With regard to whether Menchaca knew the alleged aliens were here in

violation of the law, it commented, in context of the Government's burden of proof: "So that, for example, if you find people who are, in this case, trying to get north and they're in some kind of hotel or apartment and, apparently, have nothing more than the clothes on their back and they're crawling into a trailer and hiding under boxes and mattresses at night, those are the facts that will tell you that they are not here legally". After summarizing the evidence, in reference to whether the aliens were transported in a motor vehicle in furtherance of their illegal presence, the court commented: "So they did move in a motor vehicle. So that's the next element. . . . And the aliens say they were trying to get back to San Antonio and, from there, they were headed to . . . Arkansas and Louisiana. And that's what that means, . . . if you're helping an undocumented alien continue to be here illegally, that's called furthering their illegal presence". Each of these comments was given in context of the Government's burden of proof. Accordingly, they were *not* improper.

Menchaca also contends the court erred by directing the jury to find the Government met its burden with respect to the elements of aiding and abetting. The district court charged the jury that if it accepted co-defendant's testimony that Menchaca asked him to drive the rented vehicle and transport the aliens in exchange for $300, "[t]hat would be a classic case of aiding and abetting". These remarks merely provided an example of what *would* constitute evidence of aiding and abetting *if* the jury accepted the Government's evidence.

Upon reviewing these comments in the light of the whole record, we conclude the court's remarks merely summarized the evidence and provided the jury with information about what the Government needed to prove. *See Quercia*, 289 U.S. at 469; *Inocencio*, 40 F.3d at 729-30. The court did *not* absolve the Government from proving the necessary facts to the jury, nor did it take any issue or element from the jury's consideration. *See Inocencio*, 40 F.3d at 729-30. Throughout the charge to the jury, the district court framed its comments in context of the Government's burden of proof and the jury's responsibility to

4

decide the facts. *Quercia*, 289 U.S. at 469. Accordingly, the jury charge as a whole was *not* improper and did *not* direct a verdict on any issue.

AFFIRMED.