**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42808**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 335 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 21, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARGARITO RODRIGUEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment of conviction for two counts of sexual abuse of a child under the age of sixteen, affirmed.

Sara B. Thomas, State Appellate Public Defender; Aaron J. Currin, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Margarito Rodriguez appeals from his judgment of conviction for two counts of sexual abuse of a child under the age of sixteen. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Rodriguez with eight counts relating to the sexual abuse of multiple children. He was charged with three counts of sexual abuse of a child under the age of sixteen, Idaho Code § 18-1506(1)(d); two counts of lewd conduct with a minor under sixteen, I.C. § 18-1508; attempted rape, I.C. § 18-306; and two counts of possession of sexually exploitative material, I.C. § 18-1507A.[1] Rodriguez pled guilty to attempted rape, one count of lewd conduct

---

[1] Idaho Code § 18-1507A has since been repealed, effective July 1, 2012.

1

with a minor, one count of sexual abuse of a child, and both counts of possession of sexually exploitative material. The case proceeded to a jury trial on the remaining three counts. The charge at issue in this appeal is Count VI, which alleged that Rodriguez:

> did induce, cause or permit S.T. . . . a minor child under the age of sixteen, to-wit: eight (8) to thirteen (13) years old to witness an act of sexual conduct to-wit: the Defendant masturbating, with the intent to gratify the lust, passions and/or sexual desire of the Defendant, the child, and/or a third party.

During its case-in-chief, the State called Rodriguez's daughter, S.T., as a witness. On direct examination, the prosecutor tried multiples times to elicit information from S.T. regarding whether she had ever seen her father masturbate.

> Q:  Okay. [S.T.], do you ever remember seeing your dad masturbating?
> A:  No.
> Q:  You don't remember ever seeing your dad masturbate?
> A:  No.
> Q:  Okay. Do you ever remember seeing your father masturbate in front of any of the other children that lived with you?
> A:  No.
> . . . .
> Q:  Okay. [S.T.], I talked to you a little bit about the fact that you and I had met before, right?
> A:  Uh-huh.
> Q:  And do you remember when you were talking to me, I asked you about any time that you had seen your father masturbate and you indicated you remembered one time. Do you remember us talking about that?
> A:  (Shaking head negatively.)
> Q:  Do you remember talking to me about going to his bedroom and opening the door?
> A:  Oh, yeah, yeah, yeah, yeah.
> Q:  You were going to ask him a question.
> A:  Okay, fine. I'm sorry.
> Q:  [S.T.], let's talk about that incident, okay? You don't have to be sorry. It's okay.
> A:  Okay. Sorry.
> Q:  Let's talk about that incident. [S.T.], do you remember about how old you were when this happened?
> A:  Like 12.
> Q:  Okay. And where were you at?
> A:  In Greenleaf.
> Q:  In your home?
> A:  Yeah.
> Q:  Okay. And tell me what happened.

A: So I was--I was going to walk--I was going to ask him if I can go to a friend's house and the door was like a little bit--like not closed but like it was in the middle.

Q: So you could see into the bedroom without moving the door?

A: Yeah. And so I just opened the door like I just pushed it and he just--I guess like he got his hands out of his shorts and like went into the bathroom.

Q: Okay. What do you remember seeing your dad do when he went into the bedroom?

A: Just putting his hands in his shorts.

Q: Okay. So did you see any other--any of his body parts hanging out?

A: No.

Defense counsel then cross-examined S.T.

Q: Do you remember being interviewed by Mrs. Perry after the police came? She worked with the Nampa Family Justice Center.

A: No, I don't remember Perry.

Q: Do you remember telling her that you had never seen your dad masturbating?

A: Yes.

Later in the trial, the State introduced a photograph into evidence during direct examination of S.T.'s aunt. S.T.'s aunt identified S.T. as the person in the photo. When the State later called a forensic detective as a witness, he identified having obtained that photograph of S.T. by taking a screen shot of the video that he recovered from Rodriguez's cell phone. The State planned to introduce that cell phone video as evidence and play it for the jury's consideration. Defense counsel objected to the admissibility of the video prior to the trial, arguing that it was unduly prejudicial. Because of the defendant's earlier objection, the court excused the jury before the State introduced the video. This allowed both parties the opportunity to discuss the introduction of the video on the record. At this time, the State indicated its intent to have the detective read a description of the video prior to its playback for the jury. The detective then read his proposed description of the video:

The video begins with a shut door with two towels hanging on the door. Part of the camera appears to be blocked by a towel. There's a male in a white and red striped shirt who is naked from the waist down who's seen pulling on his penis and then he's looking back towards the camera. His hand and penis is visible and he is masturbating. He repeatedly puts spit on his penis. He moves to the other side of the room and appears to be masturbating but his hand and penis is not visible. The male opens the door and appears to motion towards someone. Begins masturbating again. He moves away from the door and a girl walks in and sets scissors on a desk and immediately leaves. The male opens the door wider. The girl comes back in and leaves and then is called back in again. The male

continues to masturbate and then another girl's head is visible behind the first girl. The male continues to masturbate.

Defense counsel did not object.

The court determined it would be appropriate to issue a limiting instruction and presented its proposed instruction to both parties. Defense counsel had no objection to the instruction, but did ask the court to use S.T.'s name instead of her initials when giving the instruction. The instruction the court gave was as follows:

> You're about to hear a narrative and view a video recording. You are only to consider the video and the narrative as it relates to the charge against the defendant involving [S.T.]. You are not to consider the video for any other purpose. This video has been redacted. You are not to concern yourself with those redactions or speculate as to what may have been removed. The girl that brings in the scissors in the video is not subject to this criminal action.

The jury found Rodriguez guilty of both counts of sexual abuse of a child under sixteen. The jury found Rodriguez not guilty as to the charge of lewd conduct of a minor under sixteen. Rodriguez timely appeals.

## II.

## ANALYSIS

Rodriguez raises two main contentions on appeal. First, he argues that the prosecutor engaged in two acts of prosecutorial misconduct. Specifically, Rodriguez claims that the prosecutor improperly testified before the jury, violating Rodriguez's right to a fair trial and right of confrontation; and the prosecutor elicited improper opinion testimony from a witness. Second, Rodriguez argues that the district court erred when it gave a limiting instruction to the jury. We address each issue in turn.

### A.    Prosecutorial Misconduct

Rodriguez argues that the prosecutor committed two acts of misconduct. He first contends that the prosecutor improperly testified before the jury when she questioned S.T. about whether she had ever seen Rodriguez masturbate. He next contends that the prosecutor elicited improper testimony from the detective when the prosecutor allowed the detective to read his description of the video's contents to the jury. In both instances, Rodriguez contends that the prosecutor's conduct introduced her own testimonial evidence, and thus violated Rodriguez's unwaived constitutional right to a fair trial. Prosecutors have a duty, as public officers, to ensure defendants receive fair trials. *State v. Parker*, 157 Idaho 132, 144, 334 P.3d 806, 818 (2014). A

4

defendant's right to a fair trial is violated when a prosecutor attempts to have a jury reach its decision on evidence that is not admitted during trial. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010. "[A] prosecutor must 'guard against anything that would prejudice the minds of the jurors, and tend to hinder them from considering only the evidence introduced.'" *State v. Irwin*, 9 Idaho 35, 44, 71 P.608, 611 (1903).

During trial, Rodriguez made no contemporaneous objection to either instance of alleged prosecutorial misconduct. In *Perry*, the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

Regarding the first allegation of prosecutorial misconduct, we conclude that Rodriguez has failed to establish that the error was clear or obvious, as required under the second prong of the *Perry* analysis. "[P]art of the inquiry in determining whether a clear violation exists is whether the record demonstrates that the decision whether or not to object to an error at trial was strategic." *Id.* at 229, 245 P.3d at 981. During the prosecutor's questioning of S.T. on direct examination, the prosecutor tried multiple times to elicit S.T.'s testimony that she had previously seen Rodriguez masturbate or had previously told the prosecutor that she had seen him masturbate. S.T.'s answers consistently indicated that she neither remembered seeing him masturbate nor remembered telling the prosecutor that she saw him engaged in such activity. Then, on cross-examination, defense counsel asked S.T. if she remembered telling the interviewer from the Nampa Family Justice Center that she had never seen her father masturbating. S.T. answered affirmatively.

It is a reasonable possibility, under the facts of this case, that defense counsel's failure to object to the prosecutor's questioning was a strategic decision. S.T.'s consistent and contradictory answers to the prosecutor's leading questions were beneficial to Rodriguez's defense. Despite the prosecutor's repeated questions, S.T. maintained the same answer: that she did not recall having seen her father masturbating. On cross-examination, S.T. confirmed her previous testimony to defense counsel, again indicating that she told the interviewer she had

5

never seen her father masturbating. Moreover, the prosecutor's questioning effectively discredited S.T. by drawing attention to the inconsistency between her trial testimony and prior statements. Thus, we are not persuaded that error is plain on its face, as a reasonable possibility exists that defense counsel's failure to object was an intentional effort to allow the prosecution to inadvertently impeach its own witness. Because Rodriguez has not established the second prong of the *Perry*[2] analysis, he has not shown fundamental error as to this allegation of prosecutorial misconduct.

Regarding the second allegation of prosecutorial misconduct, we conclude that Rodriguez has failed to establish that the prosecutor's conduct violated Rodriguez's unwaived constitutional rights, as required under the first prong of *Perry*. Where an asserted error relates to the violation of a rule or statute and not to infringement upon a constitutional right, the fundamental error doctrine is not implicated. *State v. Garcia*, 156 Idaho 352, 356, 326 P.3d 354, 358 (Ct. App. 2014). Here, the underlying substance of Rodriguez's claimed error is that the prosecutor improperly elicited inadmissible opinion testimony. We have previously opined that if the presentation of evidence in violation of an evidentiary rule satisfied the constitutional violation element of *Perry*--because all evidentiary error implicates due process--the first prong of the *Perry* standard would be virtually eviscerated and the limits that *Perry* places on fundamental error review would be undermined. *Id.* at 356-57; 326 P.3d at 358-59. Because Rodriguez's claimed error is an evidentiary issue, the fundamental error doctrine is not invoked. This allegation of prosecutorial misconduct fails under the first prong of *Perry*.

## B. Limiting Instruction

Rodriguez next argues that his constitutional right to a fair trial was violated when the court gave a limiting instruction to the jury prior to the State's introduction of the video evidence. Specifically, Rodriguez contends that the limiting instruction amounted to an improper judicial comment on the evidence. Rodriguez did not object to the limiting instruction during trial. As discussed above, a party that raises an issue for the first time on appeal must establish fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). Thus, Rodriguez must show that the alleged error (1) violated one or more of his unwaived constitutional rights; (2) was clear or obvious without the need for reference to any additional information not contained in the

---

2       Therefore, we need not address the other *Perry* prongs.

6

appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

We conclude that this claim fails because Rodriguez has not established a violation of his constitutional rights, as required under the first prong of *Perry*. When instructing the jury, a trial judge may explain, comment upon, and incorporate evidence into the instruction to assist the jury in understanding the instruction in light of the applicable legal principles. *Quercia v. United States*, 289 U.S. 466, 469-70 (1933). But, a trial judge must not assume the role of a witness, mislead the jury, or distort or add to evidence. *Id.* "Remarks or comments by a trial judge which would tend to prejudice either of the parties to a jury trial are proscribed because of the great possibility that such an expression will influence the jurors." *State v. White*, 97 Idaho 708, 711, 551 P.2d 1344, 1347 (1976) (holding that prejudicial remarks are those that constitute a comment on the weight of the evidence).

Here, Rodriguez's challenge to the prejudicial nature of the video prompted the court to issue a limiting instruction. Prior to giving the instruction to the jury, the court presented its proffered instruction to both parties. Defense counsel had no objection to the instruction, but did ask the court to use S.T.'s name instead of her initials when giving the instruction. The relevant portion of the court's instruction stated: "You're about to hear a narrative and view a video recording. You are only to consider the video and the narrative as it relates to the charge against the defendant involving [S.T.]. You are not to consider the video for any other purpose."

Rodriguez suggests that the instruction was a prejudicial remark because it relieved the State from having to prove that S.T. was shown in the video. We disagree. The court's instruction limiting the jury's consideration of the video to the charge of child sexual abuse involving S.T. did not establish that S.T. was shown in the video. At most, the court's instruction incorporated evidence that was already before the jury. Earlier in the trial, the State introduced evidence of a screen shot photograph that was taken from the video. S.T.'s aunt identified S.T. as the person depicted in the photograph. Directly before the court issued its limiting instruction, the detective testified that he took the screen shot photograph from the video that was about to be played for the jury. Thus, the court's instruction that the jury was only to consider the video as it related to the charge against S.T. was not improper. It did not rise to the level of judicial testimony, did not mislead the jury, and neither distorted nor added evidence. It also did not amount to a comment on the weight of the evidence. Instead, the comment provided

7

context for the jury's consideration of the evidence. Therefore, Rodriguez has not shown fundamental error as relates to this claim.

## III.

## CONCLUSION

Rodriguez has not established fundamental error as relates to his claims of prosecutorial misconduct or improper judicial remarks. Therefore, Rodriguez's judgment of conviction is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.